UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| XIANGDONG ZHENG (aka Xiang Dong Zheng),<br>TAO SHEN (aka Tom Chang),<br>QUANLI QI (aka Quan Li Qi), JIAN FA FANG,<br>and LIMING YU, | : <br>: <br>: <br>: <br>: | **ECF CASE** |
| Plaintiffs, | : <br>: | 2005 CIV. 5943 |
| -against- | : <br>: <br>: | |
| CITY OF NEW YORK,<br>POLICE OFFICER SUKHJIWAN SINGH<br>(Tax Registry # 929178),<br>POLICE OFFICER PERILLO<br>(Tax Registry # 927346),<br>POLICE OFFICER JAVAN FASULO<br>(Tax Registry # 914633),<br>POLICE OFFICER DANIEL DOODY<br>(Tax Registry # 906140),<br>POLICE OFFICER RUDOLPH GUARNACCIA<br>(Tax Registry # 917724; Shield # 8793),<br>POLICE OFFICER MICHAEL GUARRIELLO<br>(Shield # 22940), SERGEANT CRAIG McCRAY<br>(Shield # 4811), POLICE OFFICER EDWIN<br>SANTIAGO (Shield # 12719), SERGEANT<br>CHRISTOPHER GAHN (Shield # 3842),<br>POLICE OFFICER ROBERT ROMAN<br>(Tax Registry # 934129), and<br>POLICE OFFICER ALISTAIR BASCOM<br>(Tax Registry # 932301), | : <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: | **COMPLAINT**<br>**and**<br>**DEMAND FOR JURY**<br>**TRIAL** |
| Defendants. | : <br>: | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## COMPLAINT and DEMAND FOR JURY TRIAL
## (CIVIL RIGHTS)
## JURISDICTION

1

1.   This action is brought pursuant to 42 U.S.C. § 1983 to redress deprivations of constitutional and civil rights committed under color of state law.  Jurisdiction is invoked under 28 U.S.C. §§ 1331(a) and 1343(3).  Plaintiffs also invoke the supplemental jurisdiction of this Court.  (28 U.S.C. § 1367).

2.   Plaintiffs demand jury trial on all issues and claims pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## VENUE

3.   Venue is properly laid within the Southern District of the State of New York as the acts complained of by the Plaintiffs were committed by the Defendants or occurred within said District or Defendants reside in said District.

## PARTIES

4.   Plaintiff XIANGDONG ZHENG (aka Xiang Dong Zheng), a Chinese male, at all times material hereto, was a legal resident of the United States and resident of the City of New York and State of New York.

5.   Plaintiff TAO SHEN (aka Tom Chang), a Chinese male, at all times material hereto, was a legal resident of the United States and resident of the City of New York and State of New York.

6.   Plaintiff QUANLI QI (aka Quan Li Qi), a Chinese male, at all times material hereto, was a legal resident or a citizen of the United States and resident of the City of New York and State of New York.

7.   Plaintiff JIAN FA FANG, a Chinese male, at all times material hereto, was a legal resident of the United States and resident of the City of New York and State of New York.

2

8.  Plaintiff LIMING YU, a Chinese male, at all times material hereto, was a legal resident of the United States and resident of the City of New York and State of New York.

9.  Defendant CITY OF NEW YORK is a municipal corporation organized and existing under the laws of the State of New York, and a governmental subdivision thereof.

10.  The New York City Police Department is a departmental agency of Defendant CITY OF NEW YORK, and is the employer of Defendants POLICE OFFICER SUKHJIWAN SINGH (Tax Registry # 929178), POLICE OFFICER RONALD PERILLO (Tax Registry # 927346), POLICE OFFICER JAVAN FASULO (Tax Registry # 914633), POLICE OFFICER DANIEL DOODY (Tax Registry # 906140), POLICE OFFICER RUDOLPH GUARNACCIA (Tax Registry # 917724; Shield # 8793), POLICE OFFICER MICHAEL GUARRIELLO (Shield # 22940), SERGEANT CRAIG McCRAY (Shield # 4811), POLICE OFFICER EDWIN SANTIAGO (Shield # 12719), SERGEANT CHRISTOPHER GAHN (Shield # 3842), POLICE OFFICER ROBERT ROMAN (Tax Registry # 934129), and POLICE OFFICER ALISTAIR BASCOM (Tax Registry # 932301).  Defendant CITY OF NEW YORK is responsible for the acts of Defendants SUKHJIWAN SINGH, RONALD PERILLO, JAVAN FASULO, DANIEL DOODY, RUDOLPH GUARNACCIA, MICHAEL GUARRIELLO, CRAIG McCRAY, EDWIN SANTIAGO, CHRISTOPHER GAHN, ROBERT ROMAN, and ALISTAIR BASCOM, while employed by the New York City Police Department and acting within the scope of their employment.

11.  Defendant POLICE OFFICER SUKHJIWAN SINGH (Tax Registry # 929178), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and

3

within the scope of his employment.

12. Defendant POLICE OFFICER RONALD PERILLO (Tax Registry # 927346), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

13. Defendant POLICE OFFICER JAVAN FASULO (Tax Registry # 914633), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

14. Defendant POLICE OFFICER DANIEL DOODY (Tax Registry # 906140), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

15. Defendant POLICE OFFICER RUDOLPH GUARNACCIA (Tax Registry # 917724; Shield # 8793), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

16. Defendant POLICE OFFICER MICHAEL GUARRIELLO (Shield # 22940), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

17. Defendant SERGEANT CRAIG McCRAY (Shield # 4811), at all times

4

material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of her employment.

18.  Defendant POLICE OFFICER EDWIN SANTIAGO (Shield # 12719), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

19.  Defendant SERGEANT CHRISTOPHER GAHN (Shield # 3842), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

20.  Defendant POLICE OFFICER ROBERT ROMAN (Tax Registry # 934129), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

21. Defendant POLICE OFFICER ALISTAIR BASCOM (Tax Registry # 932301), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

## **FACTS UPON WHICH RELIEF IS CLAIMED**

## **XIANGDONG ZHENG (aka Xiang Dong Zheng)**

22.  On or about April 8, 2005, at approximately 11:00 p.m., in front of in front of

705 Seventh Avenue (West 47th Street and 7th Avenue), in the County, City and State of New York, PLAINTIFF XIANGDONG ZHENG (aka Xiang Dong Zheng), a visual artist, was at said location for the lawful purpose of drawing portraits of passers-by to sell to them.

   23.  On or about April 8, 2005, at approximately 11:00 p.m., in front of in front of 705 Seventh Avenue (West 47th Street and 7th Avenue), in the County, City and State of New York, DEFENDANT POLICE OFFICER SUKHJIWAN SINGH (Tax Registry # 929178), acting in concert with DEFENDANT POLICE OFFICER RONALD PERILLO (Tax Registry # 927346), maliciously and falsely placed Plaintiff Xiangdong Zheng under arrest and issued Plaintiff Xiangdong Zheng a summons (i.e., Summons Number 424016370-5), without probable cause, and charged Plaintiff Xiangdong Zheng with Disorderly Conduct in violation of Section 240.20(5) of the Penal Law of the State of New York.

   24. On or about April 8, 2005, at approximately 11:00 p.m., in front of in front of 705 Seventh Avenue (West 47th Street and 7th Avenue), in the County, City and State of New York, there were a number of other street artist present, including Plaintiff Tao Shen, as well as vendors selling general merchandise.  Besides Plaintiff Tao Shen, none of these other street artists were arrested, issued a summons, questioned, told to leave or otherwise harassed by either Defendant Singh, Defendant Perillo, or any other Defendants or police personnel.

   25.  On or about April 8, 2005, Defendant Singh caused to be docketed in the Criminal Court of the City of New York, County of New York, a complaint, under Docket Number 2005SC005842, charging Plaintiff Xiangdong Zheng with Disorderly Conduct in violation of Section 240.20(5) of the Penal Law of the State of New York.  Said case was dismissed in its entirety on or about May 17, 2005.

26. As a result of his April 8, 2005 arrest and the resultant Criminal Court case, Plaintiff Xiangdong Zheng appeared in the Criminal Court of the City of New York on or about May 17, 2005.

27. Defendants City of New York, Singh and Perillo committed the above actions and engaged in the conduct described above with regard to Plaintiff Xiangdong Zheng's April 8, 2005 arrest for the common purpose of implementing the false and illegal arrest of Plaintiff Xiangdong Zheng in violation of his constitutional and civil rights.

28. On or about May 17, 2005, all charges against Plaintiff Xiangdong Zheng with regard to his April 8, 2005 arrest were dismissed in the Criminal Court of the City of New York, New York County.

29. The charges against Plaintiff Xiangdong Zheng with regard to his April 8, 2005 arrest were wholly resolved in his favor.

30. With regard to Plaintiff Xiangdong Zheng's April 8, 2005 arrest, Defendants City of New York, Singh and Perillo were without probable cause or justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff Xiangdong Zheng. Said Defendants are responsible for their acts and for the assault, arrest, charging and prosecution caused by them.

31. Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists in facts and circumstances similar to those alleged with regard to Plaintiff Xiangdong Zheng's April 8, 2005 arrest.

32. Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists, particularly artists of Asian descent, in facts and circumstances

similar to those alleged with regard to Plaintiff Xiangdong Zheng's April 8, 2005 arrest.

33.  As a direct and proximate consequence of the matters alleged with regard to Plaintiff Xiangdong Zheng's April 8, 2005 arrest, Plaintiff Xiangdong Zheng suffered emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

### TAO SHEN (aka Tom Chang)

34.  On or about April 8, 2005, at approximately 11:00 p.m., in front of in front of 705 Seventh Avenue (West 47th Street and 7th Avenue), in the County, City and State of New York, PLAINTIFF TAO SHEN (aka Tom Chang), a visual artist, was at said location for the lawful purpose of drawing portraits of passers-by to sell to them.

35.  On or about April 8, 2005, at approximately 11:00 p.m., in front of in front of 705 Seventh Avenue (West 47th Street and 7th Avenue), in the County, City and State of New York, DEFENDANT POLICE OFFICER RONALD PERILLO (Tax Registry # 927346), acting in concert with DEFENDANT POLICE OFFICER SUKHJIWAN SINGH (Tax Registry # 929178), maliciously and falsely placed Plaintiff Tao Shen under arrest and issued Plaintiff Tao Shen a summons (i.e., Summons Number 420514938-4), without probable cause, and charged Plaintiff Tao Shen with Disorderly Conduct in violation of Section 240.20(5) of the Penal Law of the State of New York.

36. On or about April 8, 2005, at approximately 11:00 p.m., in front of in front of 705 Seventh Avenue (West 47th Street and 7th Avenue), in the County, City and State of New York, there were a number of other street artist present, including Plaintiff Xiangdong Zheng as well as vendors selling general merchandise.  Besides Plaintiff Xiangdong Zheng, none of these other street artists were arrested, issued a summons, questioned, told to leave or otherwise

harassed by either Defendant Perillo, Defendant Singh, or any other Defendants or police personnel.

37.  During the course of Plaintiff Tao Shen's April 8, 2005 arrest, Defendant Police Officer Perillo took Plaintiff Tao Shen's sales tax certificate of authority and did not return it.

38.  On or about April 8, 2005, Defendant Perillo caused to be docketed in the Criminal Court of the City of New York, County of New York, a complaint, under Docket Number 2005SC005831 charging Plaintiff Tao Shen with Disorderly Conduct in violation of Section 240.20(5) of the Penal Law of the State of New York.  Said case was dismissed in its entirety on or about May 17, 2005.

39. As a result of his April 8, 2005 arrest and the resultant Criminal Court case, Plaintiff Tao Shen appeared in the Criminal Court of the City of New York on or about May 17, 2005.

40.  Defendants City of New York, Perillo and Singh committed the above actions and engaged in the conduct described above with regard to Plaintiff Tao Shen's April 8, 2005 arrest for the common purpose of implementing the false and illegal arrest of Plaintiff Tao Shen in violation of his constitutional and civil rights.

41.  On or about May 17, 2005, all charges against Plaintiff Tao Shen with regard to his April 8, 2005 arrest were dismissed in the Criminal Court of the City of New York, New York County.

42.  The charges against Plaintiff Tao Shen with regard to his April 8, 2005 arrest were wholly resolved in his favor.

9

43.  With regard to Plaintiff Tao Shen's April 8, 2005 arrest, Defendants City of New York, Perillo and Singh were without probable cause or justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff Tao Shen.  Said Defendants are responsible for their acts and for the assault, arrest, charging and prosecution caused by them.

44.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists in facts and circumstances similar to those alleged with regard to Plaintiff Tao Shen's April 8, 2005 arrest.

45.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists, particularly artists of Asian descent, in facts and circumstances similar to those alleged with regard to Plaintiff Tao Shen's April 8, 2005 arrest.

46.  As a direct and proximate consequence of the matters alleged with regard to Plaintiff Tao Shen's April 8, 2005 arrest, Plaintiff Tao Shen suffered emotional trauma, fear, anguish, humiliation, embarrassment and insult, loss of income and loss of personal property.

### QUANLI QI (aka Quan Li Qi)

47.  On or about June 23, 2003, at approximately 5:50 p.m., in front of 34-41 Linden Place, in the County of Queens, City and State of New York, PLAINTIFF QUANLI QI (aka Quan Li Qi), a visual artist, was lawfully at said location.

48.  On or about June 23, 2003, at approximately 5:50 p.m., in front of 34-41 Linden Place, in the County of Queens, City and State of New York, Defendant Police Officer Javan Fasulo (Tax Registry No. 914633), maliciously and falsely placed Plaintiff Quanli Qi under arrest, and issued Plaintiff summonses, without probable cause.  Defendant Javan Fasulo issued Plaintiff Quanli Qi Summons No. 413500405-2 ("fail to carry and exhibit license"), which

10

resulted in Criminal Court Docket No. 2003SQ053718; and Defendant Javan Fasulo issued Plaintiff Quanli Qi Summons No. 413500697-8 ("unlicensed general vendor") in violation of Section 20-453 of the Administrative Code of the City of New York, which resulted in Criminal Court Docket No. 2003SQ053647.

49.   On or about June 23, 2003, Defendant Police Officer Javan Fasulo caused to be docketed in the Criminal Court of the City of New York, County of Queens, complaints with respect to the aforementioned summonses, under Criminal Court Docket No. 2003SQ053718 and Criminal Court Docket No. 2003SQ053647.  Said cases were dismissed in their entireties on or about January 30, 2004, Plaintiff Quanli Qi having received an adjournment in contemplation of dismissal (i.e., an "ACD") on or about July 30, 2003

50. As a result of his June 23, 2003 arrest and the resultant Criminal Court cases, Plaintiff Yue Wang appeared in the Criminal Court of the City of New York on or about July 30, 2003.

51.   Defendants City of New York and Javan Fasulo committed the above actions and engaged in the conduct described above with regard to Plaintiff Quanli Qi's June 23, 2003 arrest for the common purpose of implementing the false and illegal arrest of Plaintiff Quanli Qi in violation of his constitutional and civil rights.

52.   On or about January 30, 2004, all charges against Plaintiff Quanli Qi with regard to his June 23, 2003 arrest were dismissed in the Criminal Court of the City of New York, Queens County, Plaintiff Quanli Qi having received an adjournment in contemplation of dismissal (i.e., an "ACD") on or about July 30, 2003.

53.   The charges against Plaintiff Quanli Qi with regard to his June 23, 2003

11

arrest were wholly resolved in his favor.

54.  With regard to Plaintiff Quanli Qi's June 23, 2003 arrest, Defendants City of New York and Police Officer Javan Fasulo were without probable cause or justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff Quanli Qi.  Said Defendants are responsible for their acts and for the assault, arrest, charging and prosecution caused by them.

55.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists in facts and circumstances similar to those alleged with regard to Plaintiff Quanli Qi's June 23, 2003 arrest.

56.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists, particularly artists of Asian descent, in facts and circumstances similar to those alleged with regard to Plaintiff Quanli Qi's June 23, 2003 arrest.

57.  As a direct and proximate consequence of the matters alleged with regard to Plaintiff Quanli Qi's June 23, 2003 arrest, Plaintiff Quanli Qi suffered emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

58.  On or about June 27, 2004, at approximately 1:40 p.m., near 5 Times Square, in the County, City and State of New York, PLAINTIFF QUANLI QI (aka Quan Li Qi), a visual artist, was at said location for the lawful purpose of creating artwork to sell to passers-by.

59.  On or about June 27, 2004, at approximately 1:40 p.m., near 5 Times Square, in the County, City and State of New York, Defendant Police Officer Daniel Doody (Tax Registry # 906140) maliciously and falsely placed Plaintiff Quanli Qi under arrest, and issued Plaintiff a summons (i.e., Summons Number E 133 814 946), without probable cause, and

charged Plaintiff Quanli Qi with a violation of Section 20-465.1 of the Administrative Code of the City of New York.

60.  On or about July 27, 2004, Defendant Doody caused to be docketed in the Environmental Control Board of the City of New York, County of New York, a complaint, under Summons Number E 133 814 946 charging Plaintiff Quanli Qi with a violation of Section 20-465.1 of the Administrative Code of the City of New York.  Said case was dismissed in its entirety as a result of a hearing held at the Environmental Control Board on or about July 27, 2004.

61. As a result of his June 27, 2004 arrest and the resultant Environmental Control Board case, Plaintiff Quanli Qi appeared in the Environmental Control Board of the City of New York, New York County, on July 27, 2004.

62.  Defendants City of New York and Daniel Doody committed the above actions and engaged in the conduct described above with regard to Plaintiff Quanli Qi's June 27, 2004 arrest for the common purpose of implementing the false and illegal arrest of Plaintiff Quanli Qi in violation of his constitutional and civil rights.

63.  On or about July 27, 2004, all charges against Plaintiff Quanli Qi with regard to his June 27, 2004 arrest were dismissed in the Environmental Control Board of the City of New York, New York County, after a July 27, 2004 hearing.

64.  The charges against Plaintiff Quanli Qi with regard to his June 27, 2004 arrest were wholly resolved in his favor.

65.  With regard to Plaintiff Quanli Qi's June 27, 2004 arrest, Defendants City of New York and Police Officer Daniel Doody were without probable cause or justification to

13

arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff Quanli Qi. Said Defendants are responsible for their acts and for the assault, arrest, charging and prosecution caused by them.

66. Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists in facts and circumstances similar to those alleged with regard to Plaintiff Quanli Qi's June 27, 2004 arrest.

67. Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists, particularly artists of Asian descent, in facts and circumstances similar to those alleged with regard to Plaintiff Quanli Qi's June 27, 2004 arrest.

68. As a direct and proximate consequence of the matters alleged with regard to Plaintiff Quanli Qi's June 27, 2007 arrest, Plaintiff Quanli Qi suffered emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

## JIAN FA FANG

69. On or about July 4, 2004, at approximately 1:40 a.m., at West 46th Street and Broadway, in the County, City and State of New York, PLAINTIFF JIAN FA FANG, a visual artist, was at said location for the lawful purpose of drawing portraits of passers-by to sell to them.

70. On or about July 4, 2004, at approximately 1:40 a.m., at West 46th Street and Broadway, in the County, City and State of New York, DEFENDANT POLICE OFFICER RUDOLPH GUARNACCIA (Tax Registry # 917724; Shield # 8793) improperly and wrongly accused Plaintiff Jian Fa Fang of disorderly conduct in violation of Sections 240.20(5) and 240.20(6) of the Penal Law of the State of New York.

14

71.  On or about July 4, 2004, at approximately 1:40 a.m., at West 46th Street and Broadway, in the County, City and State of New York, Defendant Police Officer Guarnaccia maliciously and falsely arrested Plaintiff Jian Fa Fang and issued Plaintiff Jian Fa Fang two summonses (i.e., Summons Numbers 423132121-8 and 423132122-0), without probable cause, and charged Plaintiff Jian Fa Fang with disorderly conduct in violation of Sections 240.20(5) and 240.20(6) of the Penal Law of the State of New York, respectively.  DEFENDANT POLICE OFFICER MICHAEL GUARRIELLO (Shield # 22940) and DEFENDANT SERGEANT CRAIG McCRAY (Shield # 4811) assisted Defendant Police Officer Guarnaccia in his July 4, 2004 arrest and charging of Plaintiff Jian Fa Fang.

72.  As a result of his July 4, 2004 arrest, Plaintiff Jian Fa Fang spent approximately 30 minutes in the custody of Defendants at a police precinct.

73.  On or about July 4, 2004, Defendant Police Officer Guarnaccia, with the assistance of Defendant Police Officer Guarriello and Defendant Sergeant McCray, caused to be docketed in the Criminal Court of the City of New York, County of New York, two complaints, under Docket Numbers 2004SC011055 and 2004SC011056, charging Plaintiff Jian Fa Fang with disorderly conduct in violation of Sections 240.20(5) and 240.20(6) of the Penal Law of the State of New York, respectively.  Said cases were dismissed in their entireties in the Criminal Court of the City of New York, New York County, on or about September 16, 2004.

74. As a result of his May 29, 2004 arrest and the resultant Criminal Court cases, Plaintiff Jian Fa Fang appeared in the Criminal Court of the City of New York, New York County, on August 20, 2004 and September 16, 2004.

75.  Defendants City of New York, Guarnaccia, Guarriello and McCray

committed the above actions and engaged in the conduct described above with regard to Plaintiff Jian Fa Fang's July 4, 2004 arrest for the common purpose of implementing the false and illegal arrest of Plaintiff Jian Fa Fang in violation of his constitutional and civil rights.

76.  On or about September 16, 2004, all charges against Plaintiff Jian Fa Fang with regard to his July 4, 2004 arrest were dismissed in the Criminal Court of the City of New York, New York County.

77.  The charges against Plaintiff Jian Fa Fang with regard to his July 4, 2004 arrest were wholly resolved in his favor.

78.  With regard to Plaintiff Jian Fa Fang's July 4, 2004 arrest, Defendants City of New York, Police Officer Guarnaccia, Police Officer Guarriello and Sergeant McCray were without probable cause or justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff Jian Fa Fang.  Said Defendants are responsible for their acts and for the arrest, charging and prosecution caused by them.

79.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists in facts and circumstances similar to those alleged with regard to Plaintiff Jian Fa Fang's July 4, 2004 arrest.

80.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists, particularly artists of Asian descent, in facts and circumstances similar to those alleged with regard to Plaintiff Jian Fa Fang's July 4, 2004 arrest.

81.  As a direct and proximate consequence of the matters alleged with regard to Plaintiff Jian Fa Fang's July 4, 2004 arrest, Plaintiff Jian Fa Fang suffered emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

82. On or about approximately Friday, 07/09/04, at approximately 8:00 to 9:00 p.m., at approximately West 47th Street and 7th Avenue, in the County, City and State of New York, PLAINTIFF JIAN FA FANG, a visual artist, was at said location for the lawful purpose of drawing portraits of passers-by to sell to them.

83. On or about approximately Friday, 07/09/04, at approximately 8:00 to 9:00 p.m., at approximately West 47th Street and 7th Avenue, in the County, City and State of New York, DEFENDANT POLICE OFFICER EDWIN SANTIAGO (Shield # 12719) harassed Plaintiff Jian Fa Fang without probable cause or justification.  Defendant Police Officer Edwin Santiago told Plaintiff Jian Fa Fang to go to side street because he did not have a license and because he did not pay tax, while at the same time and place from whence Defendant Police Officer Edwin Santiago was chasing Plaintiff Jian Fa Fang there were general merchandise vendors and food vendors operating.  Defendant Police Officer Edwin Santiago told Plaintiff Jian Fa Fang that he should bring his tax returns to prove that he paid tax.  Defendant Police Officer Edwin Santiago made additional harassing and derogatory comments to Fang and, in addition, made slurs with respect to Plaintiff Jian Fa Fang being Chinese.  Defendant Police Officer Edwin Santiago told Jian Fa Fang that he did not want to see him again.  Defendant Police Officer Edwin Santiago damaged Plaintiff Jian Fa Fang's drawing and drawing paper. Plaintiff Jian Fa Fang was scared by  Defendant Police Officer Edwin Santiago conduct and comments so Plaintiff Jian Fa Fang left the area.

84.  During the course of the July 9, 2004 incident, Plaintiff Jian Fa Fang did not do anything improper or illegal, and Defendant Police Officer Santiago did not arrest Plaintiff Jian Fa Fang or issue any summonses to Plaintiff Jian Fa Fang.

85.  Defendants City of New York and Edwin Santiago committed the above actions and engaged in the conduct described above with regard to Plaintiff Jian Fa Fang's aforementioned (approximately) July 9, 2004 incident for the common purpose of violating Plaintiff Jian Fa Fang's constitutional and civil rights.

86.  Defendants City of New York and Edwin Santiago are responsible for their acts and for the harassment and violations of constitutional and civil rights caused by them.

87.  Defendant City of New York engages in a policy, practice, pattern and/or custom of harassing artists and of violating their constitutional and civil rights in facts and circumstances similar to those alleged with regard to Plaintiff Jian Fa Fang's (approximately) July 9, 2004 incident.

88.  Defendant City of New York engages in a policy, practice, pattern and/or custom of harassing artists and of violating their constitutional and civil rights, particularly artists of Asian descent, in facts and circumstances similar to those alleged with regard to Plaintiff Jian Fa Fang's (approximately) July 9, 2004 incident.

89.  As a direct and proximate consequence of the matters alleged with regard to Plaintiff Jian Fa Fang's (approximately) July 9, 2004 incident, Plaintiff Jian Fa Fang suffered emotional trauma, fear, anguish, humiliation, embarrassment and insult, loss of income, and loss of personal property.

90.  On or about July 24, 2004 or July 25, 2004, at approximately 12:30 a.m., at West 47th Street and 7th Avenue, in the County, City and State of New York, PLAINTIFF JIAN FA FANG, a visual artist, was at said location for the lawful purpose of drawing portraits of passers-by to sell to them.

18

91. On or about July 24, 2004 or July 25, 2004, at approximately 12:30 a.m., at West 47th Street and 7th Avenue, in the County, City and State of New York, DEFENDANT POLICE OFFICER EDWIN SANTIAGO (Shield # 12719) improperly and wrongly accused Plaintiff Jian Fa Fang with a violation of Section 20-465M of the Administrative Code of the City of New York ("set up display on ventilation grill").

92. On or about July 24, 2004 or July 25, 2004, at approximately 12:30 a.m., at West 47th Street and 7th Avenue, in the County, City and State of New York, Defendant Police Officer Edwin Santiago maliciously and falsely arrested Plaintiff Jian Fa Fang and issued Plaintiff Jian Fa Fang a summons (i.e., Summons Number 412319883-1), without probable cause, and charged Plaintiff Jian Fa Fang with a violation of Section 20-465M of the Administrative Code of the City of New York ("set up display on ventilation grill"). DEFENDANT SERGEANT CHRISTOPHER GAHN (Shield # 3842) assisted Defendant Police Officer Guarnaccia in his July 24, 2004 or July 25, 2004 arrest and charging of Plaintiff Jian Fa Fang.

93. During the course of Plaintiff Jian Fa Fang's arrest, Defendant Police Officer Edwin Santiago treated Plaintiff Yao roughly, and in particular hit Plaintiff Jian Fa Fang's right hand, causing painful injuries to his hand and arm that required hospital treatment and Plaintiff Jian Fa Fang's wearing of a cast.  As a result of the aforementioned assault in connection with Plaintiff Jian Fa Fang's July 24, 2004 or July 25, 2004 arrest, Plaintiff Jian Fa Fang was physically injured and suffered bruising, swelling and pain to his right wrist, fingers and arm due to the actions of Defendant Police Officer Edwin Santiago, and was unable to work for a period of time after Police Officer Edwin Santiago's assault.

19

94.  During the course of Plaintiff Jian Fa Fang's arrest, Defendant Police Officer Edwin Santiago made derogatory, insulting and harassing comments to Plaintiff Jian Fa Fang, such as telling Jian Fa Fang that he was not a real artist because he was drawing in the street and telling Jian Fa Fang that he was giving him a $1,000 ticket this time but that next time he would give him a $2,000.  As a result of Defendant Police Officer Edwin Santiago's remarks, Plaintiff Jian Fa Fang suffered embarrassment and anguish, humiliation, and emotional distress.

95.  During the course of Plaintiff Jian Fa Fang's July 24, 2004 or July 25, 2004 arrest, Police Officer Edwin Santiago broke Jian Fa Fang's charcoal and damaged Jian Fa Fang's drawing paper.

96.  During the course of Plaintiff Jian Fa Fang's July 24, 2004 or July 25, 2004 arrest, other artists were present, but only Plaintiff Jian Fa Fang was arrested, assaulted and harassed.

97.  On or about July 24, 2004 or July 25, 2004, Defendant Police Officer Edwin Santiago, with the assistance of Defendant Sergeant Gahn, caused to be docketed in the Criminal Court of the City of New York, County of New York, a complaint, charging Plaintiff Jian Fa Fang with a violation of Section 20-465M of the Administrative Code of the City of New York ("set up display on ventilation grill").  Said case was dismissed in its entirety in the Criminal Court of the City of New York, New York County, on or about September 22, 2004.

98. As a result of his July 24, 2004 or July 25, 2004 arrest and the resultant Criminal Court case, Plaintiff Jian Fa Fang appeared in the Criminal Court of the City of New York, New York County, on September 22, 2004.

99.  Defendants City of New York, Santiago and Gahn committed the above

actions and engaged in the conduct described above with regard to Plaintiff Jian Fa Fang's July 24, 2004 or July 25, 2004 arrest for the common purpose of implementing the false and illegal arrest of Plaintiff Jian Fa Fang in violation of his constitutional and civil rights.

100.  On or about September 22, 2004, all charges against Plaintiff Jian Fa Fang with regard to his July 24, 2004 or July 25, 2004 arrest were dismissed in the Criminal Court of the City of New York, New York County.

101.  The charges against Plaintiff Jian Fa Fang with regard to his July 24, 2004 or July 25, 2004 arrest were wholly resolved in his favor.

102.  With regard to Plaintiff Jian Fa Fang's July 24, 2004 or July 25, 2004 arrest, Defendants City of New York, Police Officer Santiago and Sergeant Gahn were without probable cause or justification to assault, arrest, charge or prosecute or to cause the assault, arrest, charging or prosecution of Plaintiff Jian Fa Fang.  Said Defendants are responsible for their acts and for the assault, arrest, charging and prosecution caused by them.

103.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists in facts and circumstances similar to those alleged with regard to Plaintiff Jian Fa Fang's July 24, 2004 or July 25, 2004 arrest.

104.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists, particularly artists of Asian descent, in facts and circumstances similar to those alleged with regard to Plaintiff Jian Fa Fang's July 24, 2004 or July 25, 2004 arrest.

105.  As a direct and proximate consequence of the matters alleged with regard to Plaintiff Jian Fa Fang's July 24, 2004 or July 25, 2004 arrest, Plaintiff Jian Fa Fang suffered

assault, physical injury and disability, physical pain and discomfort, emotional trauma, fear,

anguish, humiliation, embarrassment and insult, loss of income, and loss of personal property.

106.  On or about August 14, 2004, at approximately 2:55 p.m., at West 43rd

Street and Broadway, in the County, City and State of New York, PLAINTIFF JIAN FA FANG,

a visual artist, was at said location for the lawful purpose of drawing portraits of passers-by to

sell to them.

107.  On or about August 14, 2004, at approximately 2:55 p.m., at West 43rd

Street and Broadway, in the County, City and State of New York, DEFENDANT POLICE

OFFICER ROBERT ROMAN (Tax Registry # 934129) improperly and wrongly accused

Plaintiff Jian Fa Fang with a violation of Section 20-465(1) of the Administrative Code of the

City of New York ("peddling restricted time and location).

108.  On or about August 14, 2004, at approximately 2:55 p.m., at West 43rd

Street and Broadway, in the County, City and State of New York, Defendant Police Officer

Robert Roman maliciously and falsely arrested Plaintiff Jian Fa Fang and issued Plaintiff Jian Fa

Fang a summons (i.e., Summons Number 421719888-7), without probable cause, and charged

Plaintiff Jian Fa Fang with a violation of Section 20-465(1) of the Administrative Code of the

City of New York.

109.  On or about August 14, 2004, Defendant Police Officer Robert Roman

caused to be docketed in the Criminal Court of the City of New York, County of New York, a

complaint (Docket No. 2004SC011913), charging Plaintiff Jian Fa Fang with a violation of

Section 20-465(1) of the Administrative Code of the City of New York. Said case was dismissed

in its entirety in the Criminal Court of the City of New York, New York County, on or about

September 14, 2004.

110. As a result of his August 14, 2004 arrest and the resultant Criminal Court case, Plaintiff Jian Fa Fang appeared in the Criminal Court of the City of New York, New York County, on September 14, 2004.

111. Defendants City of New York and Roman committed the above actions and engaged in the conduct described above with regard to Plaintiff Jian Fa Fang's August 14, 2004 arrest for the common purpose of implementing the false and illegal arrest of Plaintiff Jian Fa Fang in violation of his constitutional and civil rights.

112. On or about September 14, 2004, all charges against Plaintiff Jian Fa Fang with regard to his August 14, 2004 arrest were dismissed in the Criminal Court of the City of New York, New York County.

113. The charges against Plaintiff Jian Fa Fang with regard to his August 14, 2004 arrest were wholly resolved in his favor.

114. With regard to Plaintiff Jian Fa Fang's August 14, 2004 arrest, Defendants City of New York and Police Officer Roman were without probable cause or justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff Jian Fa Fang. Said Defendants are responsible for their acts and for the arrest, charging and prosecution caused by them.

115. Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists in facts and circumstances similar to those alleged with regard to Plaintiff Jian Fa Fang's August 14, 2004 arrest.

116. Defendant City of New York engages in a policy, practice, pattern and/or

custom of arresting artists, particularly artists of Asian descent, in facts and circumstances similar to those alleged with regard to Plaintiff Jian Fa Fang's August 14, 2004 arrest.

117.  As a direct and proximate consequence of the matters alleged with regard to Plaintiff Jian Fa Fang's August 14, 2004 arrest, Plaintiff Jian Fa Fang suffered emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

### LIMING YU

118.  On or about August 14, 2004, at approximately 9:00 p.m., at West 43rd Street and Broadway, in the County, City and State of New York, PLAINTIFF LIMING YU, a visual artist, was at said location for the lawful purpose of drawing portraits of passers-by to sell to them.

119.   On or about August 14, 2004, at approximately 9:00 p.m., at West 43rd Street and Broadway, in the County, City and State of New York, DEFENDANT POLICE OFFICER ALISTAIR BASCOM (Tax Registry # 932301) improperly and wrongly accused Plaintiff Liming Yu with a violation of Section 20-465(6) of the Administrative Code of the City of New York ("vending in a prohibited area").

120.  On or about August 14, 2004, at approximately 9:00 p.m., at West 43rd Street and Broadway, in the County, City and State of New York, Defendant Police Officer Alistair Bascom maliciously and falsely arrested Plaintiff Liming Yu and issued Plaintiff Liming Yu a summons (i.e., Summons Number 422336177-6), without probable cause, and charged Plaintiff Liming Yu with a violation of Section 20-465(6) of the Administrative Code of the City of New York.

121.  On or about August 14, 2004, Defendant Police Officer Alistair Bascom

caused to be docketed in the Criminal Court of the City of New York, County of New York, a complaint (Docket No. 2004SC011963), charging Plaintiff Liming Yu with a violation of Section 20-465(6) of the Administrative Code of the City of New York. Said case was dismissed in its entirety in the Criminal Court of the City of New York, New York County, on or about September 14, 2004.

122. As a result of his August 14, 2004 arrest and the resultant Criminal Court case, Plaintiff Liming Yu appeared in the Criminal Court of the City of New York, New York County, on September 14, 2004.

123.  Defendants City of New York and Alistair Bascom committed the above actions and engaged in the conduct described above with regard to Plaintiff Liming Yu's August 14, 2004 arrest for the common purpose of implementing the false and illegal arrest of Plaintiff Liming Yu in violation of his constitutional and civil rights.

124.  On or about September 14, 2004, all charges against Plaintiff Liming Yu with regard to his August 14, 2004 arrest were dismissed in the Criminal Court of the City of New York, New York County.

125.  The charges against Plaintiff Liming Yu with regard to his August 14, 2004 arrest were wholly resolved in his favor.

126.  With regard to Plaintiff Liming Yu's August 14, 2004 arrest, Defendants City of New York and Police Officer Alistair Bascom were without probable cause or justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff Liming Yu.  Said Defendants are responsible for their acts and for the arrest, charging and prosecution caused by them.

25

127.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists in facts and circumstances similar to those alleged with regard to Plaintiff Liming Yu's August 14, 2004 arrest.

128.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists, particularly artists of Asian descent, in facts and circumstances similar to those alleged with regard to Plaintiff Liming Yu's August 14, 2004 arrest.

129.  As a direct and proximate consequence of the matters alleged with regard to Plaintiff Liming Yu's August 14, 2004 arrest, Plaintiff Liming Yu suffered emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

130.  All Defendants committed the above actions and engaged in the conduct described above with regard to all of Plaintiffs' arrests and incidents, described in all preceding paragraphs, for the common purpose of discouraging and chilling Plaintiffs and other artists from drawing portraits of passers-by and otherwise engaging in their art in the public streets and other public areas of the City of New York in violation of Plaintiffs' and said other artists' constitutional and civil rights.

131.  All Defendants committed the above actions and engaged in the conduct described above with regard to all of Plaintiffs' arrests and incidents, described in all preceding paragraphs, for the common purpose of discouraging and chilling Plaintiffs and other artists, particularly artists of Asian descent, from drawing portraits of passers-by and otherwise engaging in their art in the public streets and other public areas of the City of New York in violation of Plaintiffs' and said other artists' constitutional and civil rights.

### COUNT I

26

(VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS, ILLEGAL

SEIZURE/FALSE ARREST, EXCESSIVE FORCE, MALICIOUS PROSECUTION)

132.   Plaintiffs restate and realleges paragraphs 1 - 131 in haec verba.

133.   By the conduct alleged herein, the Defendants deprived Plaintiffs of their

rights to be free from unlawful and excessive force and assault, unlawful seizure, arrest, search,

detention, harassment and interference, imprisonment, and malicious prosecution as secured by

the Fourth and Fourteenth Amendments to the United States Constitution.

134.   By the conduct alleged herein, the Defendants deprived Plaintiffs of their

rights to freedom of expression as secured by the First Amendment to the United States

Constitution.  Further, the law under which Plaintiffs were arrested and prosecuted are vague and

overbroad and thus unconstitutional and/or are unconstitutional as applied.

135.   The conduct of Defendants, and each of them, deprived Plaintiffs of the

following rights, privileges and immunities secured to them by the Constitution of the United

States:  The right of Plaintiffs to be secure in their persons and effects against unreasonable

search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the

United States, the right of Plaintiffs to freedom of expression under the First Amendment to the

Constitution of the United States, and the right of Plaintiffs to equal protection and due process

under the Fourteenth Amendment of the Constitution of the United States.

136.   Said acts or omissions, as alleged herein, were done by the Defendants

willfully, recklessly and oppressively without legal justification and for the purpose of depriving

Plaintiffs of their constitutional rights under the law.

137.   The conduct of all named Defendants as described in paragraphs 1 - 136,

27

supra, constituted violations of Plaintiffs' civil and constitutional rights, illegal seizures and false arrests, malicious prosecutions, illegal deprivations of their rights to free expression, and the illegal use of excessive force against Plaintiffs.

138.  The acts, conduct and behavior of Defendants, and each of them, were performed knowingly, intentionally, and maliciously, and without reasonable excuse, by reason of which Plaintiffs are entitled to an award of punitive damages.

WHEREFORE, each Plaintiff prays this Court:

a.  Enter judgment for each Plaintiff as and for compensatory damages in excess of $100,000.00.

b.  Enter judgment for each Plaintiff as and for punitive damages in excess of $100,000.00.

c.  Grant equitable relief enjoining Defendants from arresting Plaintiffs and/or other street artists who display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places

d.  Grant equitable relief enjoining Defendants from preventing and/or trying to prevent Plaintiffs and/or other street artists from displaying their artwork in public places, creating artwork in public places, and/or selling their artwork in public places.

e.  Grant equitable relief enjoining Defendants from interfering with and/or trying to interfere with Plaintiffs and/or other street artists when they display their artwork in public places, create their

28

artwork in public places, and/or sell their artwork in public places.

f.      Enter judgment for attorneys fees and costs of this action.

g.      Each Plaintiff demands trial by jury of all issues herein.

h.      Grant such other relief that law and justice requires.

## COUNT II

(CIVIL RIGHTS - POLICY, PRACTICE AND/OR CUSTOM)

139.  Plaintiffs restate and reallege paragraphs 1 - 138 in haec verba.

140.  Each of the arrests and incidents of harassment and interference of Plaintiffs were illegal and without authority of law.

141.  The conduct of all named Defendants as described in paragraphs 1 - 140, supra, were pursuant to a policy, practice, pattern, and/or custom of Defendant City of New York to illegally and unconstitutionally arrest and prosecute artists, and particularly artists of Asian descent, who lawfully distribute their work on the sidewalks of New York, in violation of said artists' rights under the First and Fourteenth Amendments of the United States Constitution.  Said policy, practice, pattern, and custom is reflected not only in the herein Plaintiffs multiple within arrests but in their prior illegal arrests and in the arrests of other artists as well as in Defendants' conduct, inter alia, which is the subject of the matter of Bery v. City of New York, 97 F.3d 689 (2d Cir. 1996), cert. denied, 520 U.S. 1251 (1997), [see, infra, Count III, paragraphs 142 - 145].

WHEREFORE, each Plaintiff prays this Court:

a.      Enter judgment for each Plaintiff as and for compensatory
        damages in excess of $100,000.00.

b.      Grant equitable relief enjoining Defendants from arresting

29

Plaintiffs and/or other street artists who display their artwork in
public places, create their artwork in public places, and/or sell their
artwork in public places

c.      Grant equitable relief enjoining Defendants from preventing and/or
trying to prevent Plaintiffs and/or other street artists from
displaying their artwork in public places, creating artwork in
public places, and/or selling their artwork in public places.

d.      Grant equitable relief enjoining Defendants from interfering with
and/or trying to interfere with Plaintiffs and/or other street artists
when they display their artwork in public places, create their
artwork in public places, and/or sell their artwork in public places.

e.      Enter judgment for attorneys fees and costs of this action.

f.      Each Plaintiff demands trial by jury of all issues herein.

g.      Grant such other relief that law and justice requires.

## <u>COUNT III</u>

### (CONTEMPT OF COURT)

142.  Plaintiffs restate and reallege paragraphs 1 - 141 <u>in haec verba</u>.

143.  Each of the incidents, arrests and prosecutions of Plaintiffs were illegal and
without authority of law.

144.  The conduct of all named Defendants as described in paragraphs 1 - 143,
<u>supra</u>, constituted willful and deliberate violations of the permanent injunction issued against
Defendant City of New York by the Second Circuit Court of Appeals in the matter <u>Bery v. City</u>

of New York, 97 F.3d 689 (2d Cir. 1996), cert. denied, 520 U.S. 1251 (1997), prohibiting

Defendant City of New York from arresting and/or prosecuting artists who distributed their work

on the sidewalks of New York City, in violation of said artists' rights under the First and

Fourteenth Amendments of the United States Constitution.

145.  The acts, conduct and behavior of Defendants, and each of them, in

disobeying the mandate of the Second Circuit Court of Appeals, were performed knowingly,

intentionally, and maliciously, and without reasonable excuse, by reason of which Plaintiffs are

entitled to an award of punitive damages and sanctions.

WHEREFORE, each Plaintiff prays this Court:

a.    Enter judgment for each Plaintiff as and for compensatory
      damages in excess of $100,000.00.

b.    Enter judgment for each Plaintiff as and for punitive damages and
      sanctions in excess of $100,000.00.

c.    Grant equitable relief enjoining Defendants from arresting
      Plaintiffs and/or other street artists who display their artwork in
      public places, create their artwork in public places, and/or sell their
      artwork in public places

d.    Grant equitable relief enjoining Defendants from preventing and/or
      trying to prevent Plaintiffs and/or other street artists from
      displaying their artwork in public places, creating artwork in
      public places, and/or selling their artwork in public places.

e.    Grant equitable relief enjoining Defendants from interfering with

and/or trying to interfere with Plaintiffs and/or other street artists when they display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places.

f.      Enter judgment for attorneys fees and costs of this action.

g.      Each Plaintiff demands trial by jury of all issues herein.

h.      Grant such other relief that law and justice requires.

## COUNT IV

(MALICIOUS PROSECUTION/FALSE ARREST -

SUPPLEMENTAL CLAIM)

146.  Plaintiffs restate and reallege paragraphs 1 - 145 in haec verba.

147.  This action has been commenced within one year and 90 days after the causes of action of Plaintiffs accrued.

148.  Each of the incidents regarding and arrests of Plaintiffs were illegal and without authority of law.

149.  The conduct of all named Defendants as described in paragraphs 1 - 148, supra, constituted malicious prosecutions and false arrests of Plaintiffs.

150.  The amount of damages sought in each of these actions exceeds the jurisdictional limits of all lower New York State Courts which would otherwise have jurisdiction if this action had been brought in State Court.

WHEREFORE, each Plaintiff prays this Court:

a.      Enter judgment for each Plaintiff as and for compensatory damages in excess of $100,000.00.

b.      Enter judgment for each Plaintiff as and for punitive damages in excess of $100,000.00.

c.      Grant equitable relief enjoining Defendants from arresting Plaintiffs and/or other street artists who display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places

d.      Grant equitable relief enjoining Defendants from preventing and/or trying to prevent Plaintiffs and/or other street artists from displaying their artwork in public places, creating artwork in public places, and/or selling their artwork in public places.

e.      Grant equitable relief enjoining Defendants from interfering with and/or trying to interfere with Plaintiffs and/or other street artists when they display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places.

f.      Enter judgment for attorneys fees and costs of this action.

g.      Each Plaintiff demands trial by jury of all issues herein.

h.      Grant such other relief that law and justice requires.

## **COUNT V**

### (VIOLATION OF NEW YORK STATE CONSTITUTION -

### SUPPLEMENTAL CLAIM)

151.  Plaintiffs restate and reallege paragraphs 1 - 150 <u>in haec verba</u>.

152.  This action has been commenced within one year and 90 days after the

causes of action of Plaintiffs accrued.

153.  Each of the arrests of Plaintiffs were illegal and without authority of law.

154.  The conduct of all named Defendants as described in paragraphs 1 - 153, supra, constituted violations of New York State constitutional law in that Defendants intentionally and deliberately interfered with Plaintiffs' rights under Article 1 Section 8 of the Constitution of the State of New York guaranteeing freedom of speech and expression and Plaintiffs' rights under Article 1 Section 11 of the Constitution of the State of New York guaranteeing equal protection under the law.

155.  The amount of damages sought exceeds the jurisdictional limits of all lower New York State Courts which would otherwise have jurisdiction if this action had been brought in State Court.

WHEREFORE, each Plaintiff prays this Court:

a.  Enter judgment for each Plaintiff as and for compensatory damages in excess of $100,000.00.

b.  Enter judgment for each Plaintiff as and for punitive damages in excess of $100,000.00.

c.  Grant equitable relief enjoining Defendants from arresting Plaintiffs and/or other street artists who display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places

d.  Grant equitable relief enjoining Defendants from preventing and/or trying to prevent Plaintiffs and/or other street artists from

34

displaying their artwork in public places, creating artwork in public places, and/or selling their artwork in public places.

e.    Grant equitable relief enjoining Defendants from interfering with and/or trying to interfere with Plaintiffs and/or other street artists when they display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places.

f.    Enter judgment for attorneys fees and costs of this action.

g.    Each Plaintiff demands trial by jury of all issues herein.

h.    Grant such other relief that law and justice requires.

## COUNT VI

(CONVERSION -

SUPPLEMENTAL CLAIM)

156.  Plaintiffs restate and reallege paragraphs 1 - 155 in haec verba.

157.  This action has been commenced within one year and 90 days after the causes of action of Plaintiffs accrued.

158.  Each of the incidents regarding and arrests of Plaintiffs were illegal and without authority of law.

159.  The conduct of all named Defendants as described in paragraphs 1 - 158, supra, constituted conversions in that Defendants intentionally, deliberately and without legal justification took Plaintiffs' property from Plaintiffs and/or caused others to take Plaintiffs' property and/or damaged and/or failed to return Plaintiffs' property to Plaintiffs, all in violation of the laws of the State of New York.

160.  The amount of damages sought exceeds the jurisdictional limits of all lower New York State Courts which would otherwise have jurisdiction if this action had been brought in State Court.

WHEREFORE, each Plaintiff prays this Court:

a.      Enter judgment for each Plaintiff as and for compensatory damages in excess of $100,000.00.

b.      Enter judgment for each Plaintiff as and for punitive damages in excess of $100,000.00.

c.      Grant equitable relief enjoining Defendants from arresting Plaintiffs and/or other street artists who display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places

d.      Grant equitable relief enjoining Defendants from preventing and/or trying to prevent Plaintiffs and/or other street artists from displaying their artwork in public places, creating artwork in public places, and/or selling their artwork in public places.

e.      Grant equitable relief enjoining Defendants from interfering with and/or trying to interfere with Plaintiffs and/or other street artists when they display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places.

f.      Enter judgment for attorneys fees and costs of this action.

g.      Each Plaintiff demands trial by jury of all issues herein.

36

h.      Grant such other relief that law and justice requires.

## COUNT VII

(ASSAULT-

SUPPLEMENTAL CLAIM)

161.  Plaintiffs restate and reallege paragraphs 1 - 160 <u>in haec verba</u>.

162.  This action has been commenced within one year and 90 days after the causes of action of Plaintiffs accrued.

163.  Upon information and belief, at all times relevant hereto, the Defendant City of New York and the New York City Police Department employed the police officers and others material hereto.

164.  The conduct of Defendants as described in paragraphs 1 - 163, <u>supra</u>, constituted assaults of Plaintiffs.

165.  Each of the assaults of Plaintiffs were illegal and without authority of law.

166.  The amount of damages sought exceeds the jurisdictional limits of all lower New York State Courts which would otherwise have jurisdiction if this action had been brought in State Court.

WHEREFORE, each Plaintiff prays this Court:

a.      Enter judgment for each Plaintiff as and for compensatory damages in excess of $100,000.00.

b.      Enter judgment for each Plaintiff as and for punitive damages in excess of $100,000.00.

c.      Grant equitable relief enjoining Defendants from arresting

Plaintiffs and/or other street artists who display their artwork in
public places, create their artwork in public places, and/or sell their
artwork in public places

d.      Grant equitable relief enjoining Defendants from preventing and/or
trying to prevent Plaintiffs and/or other street artists from
displaying their artwork in public places, creating artwork in
public places, and/or selling their artwork in public places.

e.      Grant equitable relief enjoining Defendants from interfering with
and/or trying to interfere with Plaintiffs and/or other street artists
when they display their artwork in public places, create their
artwork in public places, and/or sell their artwork in public places.

f.      Enter judgment for attorneys fees and costs of this action.

g.      Each Plaintiff demands trial by jury of all issues herein.

h.      Grant such other relief that law and justice requires.

## COUNT VIII

### (INTERFERENCE WITH BUSINESS AND CONTRACTUAL RELATIONS - SUPPLEMENTAL CLAIM)

167.  Plaintiffs restate and reallege paragraphs 1 - 166 in haec verba.

168.  This action has been commenced within one year and 90 days after the
causes of action of Plaintiffs accrued.

169.  Each of the incidents regarding and arrests of Plaintiffs were illegal and
without authority of law.

170.  The conduct of all named Defendants as described in paragraphs 1 - 169, supra, constituted interferences with business and contractual relations in that Defendants intentionally, deliberately and without legal justification interfered with Plaintiffs' business and contractual relations with third parties and/or caused others to interfere with Plaintiffs' business and contractual relations with third parties, all in violation of the laws of the State of New York.

171.  The amount of damages sought exceeds the jurisdictional limits of all lower New York State Courts which would otherwise have jurisdiction if this action had been brought in State Court.

WHEREFORE, each Plaintiff prays this Court:

     a.     Enter judgment for each Plaintiff as and for compensatory damages in excess of $100,000.00.

     b.     Enter judgment for each Plaintiff as and for punitive damages in excess of $100,000.00.

     c.     Grant equitable relief enjoining Defendants from arresting Plaintiffs and/or other street artists who display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places.

     d.     Grant equitable relief enjoining Defendants from preventing and/or trying to prevent Plaintiffs and/or other street artists from displaying their artwork in public places, creating artwork in public places, and/or selling their artwork in public places.

     e.     Grant equitable relief enjoining Defendants from interfering with

and/or trying to interfere with Plaintiffs and/or other street artists when they display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places.

f.      Enter judgment for attorneys fees and costs of this action.

g.      Each Plaintiff demands trial by jury of all issues herein.

h.      Grant such other relief that law and justice requires.

**JURY TRIAL DEMANDED**

S/_____

DONALD E. CAMERON (DC 9565)
Attorney for Plaintiffs
139 Fulton Street, Suite 211
New York, New York 10038
(212) 233-3348

Dated: New York, New York
       June 27, 2005

2005 CIV. 5943

**ECF CASE**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

XIANGDONG ZHENG (aka Xiang Dong Zheng),

TAO SHEN (aka Tom Chang), QUANLI QI (aka Quan Li Qi),

JIAN FA FANG, and LIMING YU,

Plaintiffs,

-against-

THE CITY OF NEW YORK,

POLICE OFFICER SUKHJIWAN SINGH (Tax Registry # 929178),

POLICE OFFICER RONALD PERILLO (Tax Registry # 927346),

POLICE OFFICER JAVAN FASULO (Tax Registry # 914633),

POLICE OFFICER DANIEL DOODY (Tax Registry # 906140),

POLICE OFFICER RUDOLPH GUARNACCIA (Tax Registry # 917724; Shield # 8793),

POLICE OFFICER MICHAEL GUARRIELLO (Shield # 22940),

SERGEANT CRAIG McCRAY (Shield # 4811),

POLICE OFFICER EDWIN SANTIAGO (Shield # 12719),

SERGEANT CHRISTOPHER GAHN (Shield # 3842)

POLICE OFFICER ROBERT ROMAN (Tax Registry # 934129), and

POLICE OFFICER ALISTAIR BASCOM (Tax Registry # 932301),

Defendants.

---

**COMPLAINT and DEMAND FOR JURY TRIAL**

---

DONALD E. CAMERON (DC 9565)

Attorney for Plaintiffs

139 Fulton Street, Suite 211

New York, New York 10038

(212) 233-3348

Dated:  New York, New York

June 27, 2005