UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| XIANGDONG ZHENG (aka Xiang Dong Zheng), | : | **ECF CASE** |
| TAO SHEN (aka Tom Chang), | : | |
| QUANLI QI (aka Quan Li Qi), JIAN FA FANG, | : | |
| and LIMING YU, | : | |
| | : | |
| Plaintiffs, | : | 2005 CIV. 5943 (CBM) |
| | : | |
| -against- | : | |
| | : | |
| CITY OF NEW YORK, POLICE OFFICER SUKHJIWAN | : | **AMENDED COMPLAINT** |
| SINGH (Tax Registry # 929178), POLICE OFFICER | : | **and** |
| RONALD PERILLO (Tax Registry # 927346), POLICE | : | **DEMAND FOR JURY** |
| OFFICER JAVAN FASULO (Tax Registry # 914633), | : | **TRIAL** |
| POLICE OFFICER DANIEL DOODY (Tax Registry # | : | |
| 906140), POLICE OFFICER RUDOLPH GUARNACCIA | : | |
| (Tax Registry # 917724; Shield # 8793), POLICE | : | |
| OFFICER MICHAEL GUARRIELLO (Shield # 22940), | : | |
| SERGEANT CRAIG McCRAY (Shield # 4811), POLICE | : | |
| OFFICER EDWIN SANTIAGO (Shield # 12719), | : | |
| SERGEANT CHRISTOPHER GAHN (Shield # 3842), | : | |
| POLICE OFFICER ROBERT ROMAN (Tax Registry # | : | |
| 934129), POLICE OFFICER ALISTAIR BASCOM (Tax | : | |
| Registry # 932301), POLICE OFFICER NEAL LECLERC | : | |
| (Shield # 02961), DETECTIVE JAMES BLAKE (Shield # | : | |
| 05884), POLICE OFFICER BRENDAN MEEHAN (Tax | : | |
| Registry # 933012; Shield # 30563), POLICE OFFICER | : | |
| YVETTE MATTHEWS (Shield # 7929), POLICE | : | |
| OFFICER MATTHEW TEAGUE (Shield # 31662), | : | |
| POLICE OFFICER THOMAS GRACE (Tax Registry # | : | |
| 933817; Shield # 1436), POLICE OFFICER THOMAS | : | |
| GARRITY (Shield # 7734), POLICE OFFICER JASON | : | |
| ANDREULA (Tax Registry # 923510), POLICE OFFICER | : | |
| CHRISTOPHER DONATO (Tax Registry # 934322), | : | |
| POLICE OFFICER EDWARD SKRZYPEK (Shield # | : | |
| 6333), SERGEANT ANDREW LOPEZ (Shield # 123), | : | |
| and POLICE OFFICER FRANK TROVATO (Tax | : | |
| Registry # 896058), | : | |
| | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## AMENDED COMPLAINT and DEMAND FOR JURY TRIAL
## (CIVIL RIGHTS)
## JURISDICTION

1.  This action is brought pursuant to 42 U.S.C. § 1983 to redress deprivations of constitutional and civil rights committed under color of state law.  Jurisdiction is invoked under 28 U.S.C. §§ 1331(a) and 1343(3).  Plaintiffs also invoke the supplemental jurisdiction of this Court.  (28 U.S.C. § 1367).

2.  Plaintiffs demand jury trial on all issues and claims pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## VENUE

3.  Venue is properly laid within the Southern District of the State of New York as the acts complained of by the Plaintiffs were committed by the Defendants or occurred within said District or Defendants reside in said District.

## PARTIES

4.  Plaintiff XIANGDONG ZHENG (aka Xiang Dong Zheng), a Chinese male, at all times material hereto, was a legal resident of the United States and resident of the City of New York and State of New York.

5.  Plaintiff TAO SHEN (aka Tom Chang), a Chinese male, at all times material hereto, was a legal resident of the United States and resident of the City of New York and State of New York.

6.  Plaintiff QUANLI QI (aka Quan Li Qi), a Chinese male, at all times material hereto, was a legal resident or a citizen of the United States and resident of the City of New York and State of New York.

7.  Plaintiff JIAN FA FANG, a Chinese male, at all times material hereto, was a legal resident of the United States and resident of the City of New York and State of New York.

8.  Plaintiff LIMING YU, a Chinese male, at all times material hereto, was a legal resident of the United States and resident of the City of New York and State of New York.

9.  Defendant CITY OF NEW YORK is a municipal corporation organized and existing under the laws of the State of New York, and a governmental subdivision thereof.

10.  The New York City Police Department is a departmental agency of Defendant CITY OF NEW YORK and, at all times material hereto, was the employer of Defendants POLICE OFFICER SUKHJIWAN SINGH (Tax Registry # 929178), POLICE OFFICER RONALD PERILLO (Tax Registry # 927346), POLICE OFFICER JAVAN FASULO (Tax Registry # 914633), POLICE OFFICER DANIEL DOODY (Tax Registry # 906140), POLICE OFFICER RUDOLPH GUARNACCIA (Tax Registry # 917724; Shield # 8793), POLICE OFFICER MICHAEL GUARRIELLO (Shield # 22940), SERGEANT CRAIG McCRAY (Shield # 4811), POLICE OFFICER EDWIN SANTIAGO (Shield # 12719), SERGEANT CHRISTOPHER GAHN (Shield # 3842), POLICE OFFICER ROBERT ROMAN (Tax Registry # 934129), POLICE OFFICER ALISTAIR BASCOM (Tax Registry # 932301), POLICE OFFICER NEAL LECLERC (Shield # 02961), DETECTIVE JAMES BLAKE (Shield # 05884), POLICE OFFICER BRENDAN MEEHAN (Tax Registry # 933012; Shield # 30563), POLICE OFFICER YVETTE MATTHEWS (Shield # 7929), POLICE OFFICER MATTHEW TEAGUE (Shield # 31662), POLICE OFFICER THOMAS GRACE (Tax Registry # 933817; Shield # 1436), POLICE OFFICER THOMAS GARRITY (Shield # 7734), POLICE OFFICER JASON ANDREULA (Tax Registry # 923510), POLICE OFFICER CHRISTOPHER DONATO

(Tax Registry # 934322), POLICE OFFICER EDWARD SKRZYPEK (Shield # 6333),
SERGEANT ANDREW LOPEZ (Shield # 123), and POLICE OFFICER FRANK TROVATO
(Tax Registry # 896058).  Defendant CITY OF NEW YORK is responsible for the acts of
Defendants SUKHJIWAN SINGH, RONALD PERILLO, JAVAN FASULO, DANIEL
DOODY, RUDOLPH GUARNACCIA, MICHAEL GUARRIELLO, CRAIG McCRAY,
EDWIN SANTIAGO, CHRISTOPHER GAHN, ROBERT ROMAN, ALISTAIR BASCOM,
NEAL LECLERC, JAMES BLAKE, BRENDAN MEEHAN, YVETTE MATTHEWS,
MATTHEW TEAGUE, THOMAS GRACE, THOMAS GARRITY, JASON ANDREULA,
CHRISTOPHER DONATO, EDWARD SKRZYPEK, ANDREW LOPEZ, and FRANK
TROVATO while employed by the New York City Police Department and acting within the
scope of their employment.

11.  Defendant POLICE OFFICER SUKHJIWAN SINGH (Tax Registry #
929178), at all times material hereto, was a duly appointed police officer of the New York City
Police Department and was acting in his individual capacity and under color of state law and
within the scope of his employment.

12.  Defendant POLICE OFFICER RONALD PERILLO (Tax Registry #
927346), at all times material hereto, was a duly appointed police officer of the New York City
Police Department and was acting in his individual capacity and under color of state law and
within the scope of his employment.

13.  Defendant POLICE OFFICER JAVAN FASULO (Tax Registry # 914633),
at all times material hereto, was a duly appointed police officer of the New York City Police
Department and was acting in his individual capacity and under color of state law and within the

4

scope of his employment.

14.   Defendant POLICE OFFICER DANIEL DOODY (Tax Registry # 906140), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

15.   Defendant POLICE OFFICER RUDOLPH GUARNACCIA (Tax Registry # 917724; Shield # 8793), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

16.   Defendant POLICE OFFICER MICHAEL GUARRIELLO (Shield # 22940), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

17.   Defendant SERGEANT CRAIG McCRAY (Shield # 4811), at all times material hereto, was a duly appointed police officer and/or sergeant of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of her employment.

18.   Defendant POLICE OFFICER EDWIN SANTIAGO (Shield # 12719), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

19.  Defendant SERGEANT CHRISTOPHER GAHN (Shield # 3842), at all times

material hereto, was a duly appointed police officer and/or sergeant of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

20.  Defendant POLICE OFFICER ROBERT ROMAN (Tax Registry # 934129), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

21. Defendant POLICE OFFICER ALISTAIR BASCOM (Tax Registry # 932301), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

22.  Defendant POLICE OFFICER NEAL LECLERC (Shield # 02961), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

23.  Defendant DETECTIVE JAMES BLAKE (Shield # 05884), at all times material hereto, was a duly appointed police officer and/or detective of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

24.  Defendant POLICE OFFICER BRENDAN MEEHAN (Tax Registry # 933012; Shield # 30563), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of

state law and within the scope of his employment.

25.  Defendant POLICE OFFICER YVETTE MATTHEWS (Shield # 7929), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in her individual capacity and under color of state law and within the scope of her employment.

26.  Defendant POLICE OFFICER MATTHEW TEAGUE (Shield # 31662), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

27.  Defendant POLICE OFFICER THOMAS GRACE (Tax Registry # 933817; Shield # 1436), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

28.  Defendant POLICE OFFICER THOMAS GARRITY (Shield # 7734), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

29.  Defendant POLICE OFFICER JASON ANDREULA (Tax Registry # 923510), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

30.  Defendant POLICE OFFICER CHRISTOPHER DONATO (Tax Registry #

934322), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

31.  Defendant POLICE OFFICER EDWARD SKRZYPEK (Shield # 6333), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

32.  Defendant SERGEANT ANDREW LOPEZ (Shield # 123), at all times material hereto, was a duly appointed police officer and/or sergeant of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

33.  Defendant POLICE OFFICER FRANK TROVATO (Tax Registry # 896058), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

## FACTS UPON WHICH RELIEF IS CLAIMED

### XIANGDONG ZHENG (aka Xiang Dong Zheng)

**April 8, 2005 Incident (Xiangdong Zheng (aka Xiang Dong Zheng))**

34.  On or about April 8, 2005, at approximately 11:00 p.m., in front of 705 Seventh Avenue (West 47th Street and 7th Avenue), in the County, City and State of New York, PLAINTIFF XIANGDONG ZHENG (aka Xiang Dong Zheng), a visual artist, was at said location for the lawful purpose of drawing portraits of passers-by to sell to them.

8

35.  On or about April 8, 2005, at approximately 11:00 p.m., in front of 705 Seventh Avenue (West 47th Street and 7th Avenue), in the County, City and State of New York, DEFENDANT POLICE OFFICER SUKHJIWAN SINGH (Tax Registry # 929178), acting in concert with DEFENDANT POLICE OFFICER RONALD PERILLO (Tax Registry # 927346), maliciously and falsely placed Plaintiff Xiangdong Zheng under arrest and issued Plaintiff Xiangdong Zheng a summons (i.e., Summons Number 424016370-5), without probable cause, and charged Plaintiff Xiangdong Zheng with Disorderly Conduct in violation of Section 240.20(5) of the Penal Law of the State of New York.

36.  On or about April 8, 2005, at approximately 11:00 p.m., in front of in front of 705 Seventh Avenue (West 47th Street and 7th Avenue), in the County, City and State of New York, there were a number of other street artist present, including Plaintiff Tao Shen, as well as vendors selling general merchandise.  Besides Plaintiff Tao Shen, none of these other street artists were arrested, issued a summons, questioned, told to leave or otherwise harassed by either Defendant Singh, Defendant Perillo, or any other Defendants or police personnel.

37.  On or about April 8, 2005, Defendant Singh caused to be docketed in the Criminal Court of the City of New York, County of New York, a complaint, under Docket Number 2005SC005842, charging Plaintiff Xiangdong Zheng with Disorderly Conduct in violation of Section 240.20(5) of the Penal Law of the State of New York.  Said case was dismissed in its entirety on or about May 17, 2005.

38. As a result of his April 8, 2005 arrest and the resultant Criminal Court case, Plaintiff Xiangdong Zheng appeared in the Criminal Court of the City of New York on or about May 17, 2005.

9

39. Defendants City of New York, Singh and Perillo committed the above actions and engaged in the conduct described above with regard to Plaintiff Xiangdong Zheng's April 8, 2005 arrest for the common purpose of implementing the false and illegal arrest of Plaintiff Xiangdong Zheng in violation of his constitutional and civil rights.

40. On or about May 17, 2005, all charges against Plaintiff Xiangdong Zheng with regard to his April 8, 2005 arrest were dismissed in the Criminal Court of the City of New York, New York County.

41. The charges against Plaintiff Xiangdong Zheng with regard to his April 8, 2005 arrest were wholly resolved in his favor.

42. With regard to Plaintiff Xiangdong Zheng's April 8, 2005 arrest, Defendants City of New York, Singh and Perillo were without probable cause or justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff Xiangdong Zheng. Said Defendants are responsible for their acts and for the assault, arrest, charging and prosecution caused by them.

43. Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists in facts and circumstances similar to those alleged with regard to Plaintiff Xiangdong Zheng's April 8, 2005 arrest.

44. Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists, particularly artists of Asian descent, in facts and circumstances similar to those alleged with regard to Plaintiff Xiangdong Zheng's April 8, 2005 arrest.

45. As a direct and proximate consequence of the matters alleged with regard to Plaintiff Xiangdong Zheng's April 8, 2005 arrest, Plaintiff Xiangdong Zheng suffered emotional

trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

## TAO SHEN (aka Tom Chang)

### April 8, 2005 Incident (Tao Shen (aka Tom Chang))

46.  On or about April 8, 2005, at approximately 11:00 p.m., in front of 705 Seventh Avenue (West 47th Street and 7th Avenue), in the County, City and State of New York, PLAINTIFF TAO SHEN (aka Tom Chang), a visual artist, was at said location for the lawful purpose of drawing portraits of passers-by to sell to them.

47.  On or about April 8, 2005, at approximately 11:00 p.m., in front of 705 Seventh Avenue (West 47th Street and 7th Avenue), in the County, City and State of New York, DEFENDANT POLICE OFFICER RONALD PERILLO (Tax Registry # 927346), acting in concert with DEFENDANT POLICE OFFICER SUKHJIWAN SINGH (Tax Registry # 929178), maliciously and falsely placed Plaintiff Tao Shen under arrest and issued Plaintiff Tao Shen a summons (i.e., Summons Number 420514938-4), without probable cause, and charged Plaintiff Tao Shen with Disorderly Conduct in violation of Section 240.20(5) of the Penal Law of the State of New York.

48. On or about April 8, 2005, at approximately 11:00 p.m., in front of 705 Seventh Avenue (West 47th Street and 7th Avenue), in the County, City and State of New York, there were a number of other street artist present, including Plaintiff Xiangdong Zheng as well as vendors selling general merchandise.  Besides Plaintiff Xiangdong Zheng, none of these other street artists were arrested, issued a summons, questioned, told to leave or otherwise harassed by either Defendant Perillo, Defendant Singh, or any other Defendants or police personnel.

49.  During the course of Plaintiff Tao Shen's April 8, 2005 arrest, Defendant

Police Officer Perillo took Plaintiff Tao Shen's sales tax certificate of authority and did not return it.

50. On or about April 8, 2005, Defendant Perillo caused to be docketed in the Criminal Court of the City of New York, County of New York, a complaint, under Docket Number 2005SC005831 charging Plaintiff Tao Shen with Disorderly Conduct in violation of Section 240.20(5) of the Penal Law of the State of New York.  Said case was dismissed in its entirety on or about May 17, 2005.

51. As a result of his April 8, 2005 arrest and the resultant Criminal Court case, Plaintiff Tao Shen appeared in the Criminal Court of the City of New York on or about May 17, 2005.

52. Defendants City of New York, Perillo and Singh committed the above actions and engaged in the conduct described above with regard to Plaintiff Tao Shen's April 8, 2005 arrest for the common purpose of implementing the false and illegal arrest of Plaintiff Tao Shen in violation of his constitutional and civil rights.

53. On or about May 17, 2005, all charges against Plaintiff Tao Shen with regard to his April 8, 2005 arrest were dismissed in the Criminal Court of the City of New York, New York County.

54. The charges against Plaintiff Tao Shen with regard to his April 8, 2005 arrest were wholly resolved in his favor.

55. With regard to Plaintiff Tao Shen's April 8, 2005 arrest, Defendants City of New York, Perillo and Singh were without probable cause or justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff Tao Shen.  Said Defendants

are responsible for their acts and for the assault, arrest, charging and prosecution caused by them.

56.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists in facts and circumstances similar to those alleged with regard to Plaintiff Tao Shen's April 8, 2005 arrest.

57.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists, particularly artists of Asian descent, in facts and circumstances similar to those alleged with regard to Plaintiff Tao Shen's April 8, 2005 arrest.

58.  As a direct and proximate consequence of the matters alleged with regard to Plaintiff Tao Shen's April 8, 2005 arrest, Plaintiff Tao Shen suffered emotional trauma, fear, anguish, humiliation, embarrassment and insult, loss of income and loss of personal property.

## QUANLI QI (aka Quan Li Qi)

### June 23, 2003 Incident (Quanli Qi (aka Quan Li Qi))

59.  On or about June 23, 2003, at approximately 5:50 p.m., in front of 34-41 Linden Place, in the County of Queens, City and State of New York, PLAINTIFF QUANLI QI (aka Quan Li Qi), a visual artist, was lawfully at said location.

60.  On or about June 23, 2003, at approximately 5:50 p.m., in front of 34-41 Linden Place, in the County of Queens, City and State of New York, DEFENDANT POLICE OFFICER JAVAN FASULO (Tax Registry # 914633), maliciously and falsely placed Plaintiff Quanli Qi under arrest, and issued Plaintiff summonses, without probable cause.  Defendant Javan Fasulo issued Plaintiff Quanli Qi Summons No. 413500405-2 ("fail to carry and exhibit license"), which resulted in Criminal Court Docket No. 2003SQ053718; and Defendant Javan Fasulo issued Plaintiff Quanli Qi Summons No. 413500697-8 ("unlicensed general vendor") in

violation of Section 20-453 of the Administrative Code of the City of New York, which resulted in Criminal Court Docket No. 2003SQ053647.

61. On or about June 23, 2003, Defendant Police Officer Javan Fasulo caused to be docketed in the Criminal Court of the City of New York, County of Queens, complaints with respect to the aforementioned summonses, under Criminal Court Docket No. 2003SQ053718 and Criminal Court Docket No. 2003SQ053647. Said complaints were dismissed in their entireties on or about January 29, 2004, Plaintiff Quanli Qi having received an adjournment in contemplation of dismissal (i.e., an "ACD") on or about July 30, 2003.

62. As a result of his June 23, 2003 arrest and the resultant Criminal Court cases, Plaintiff Quanli Qi appeared in the Criminal Court of the City of New York on or about July 30, 2003.

63. Defendants City of New York and Javan Fasulo committed the above actions and engaged in the conduct described above with regard to Plaintiff Quanli Qi's June 23, 2003 arrest for the common purpose of implementing the false and illegal arrest of Plaintiff Quanli Qi in violation of his constitutional and civil rights.

64. On or about January 29, 2004, all charges against Plaintiff Quanli Qi with regard to his June 23, 2003 arrest were dismissed in the Criminal Court of the City of New York, Queens County, Plaintiff Quanli Qi having received an adjournment in contemplation of dismissal (i.e., an "ACD") on or about July 30, 2003.

65. The charges against Plaintiff Quanli Qi with regard to his June 23, 2003 arrest were wholly resolved in his favor.

66. With regard to Plaintiff Quanli Qi's June 23, 2003 arrest, Defendants City of

New York and Police Officer Javan Fasulo were without probable cause or justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff Quanli Qi.  Said Defendants are responsible for their acts and for the assault, arrest, charging and prosecution caused by them.

        67.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists in facts and circumstances similar to those alleged with regard to Plaintiff Quanli Qi's June 23, 2003 arrest.

        68.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists, particularly artists of Asian descent, in facts and circumstances similar to those alleged with regard to Plaintiff Quanli Qi's June 23, 2003 arrest.

        69.  As a direct and proximate consequence of the matters alleged with regard to Plaintiff Quanli Qi's June 23, 2003 arrest, Plaintiff Quanli Qi suffered emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**August 31, 2003 Incident (Quanli Qi (aka Quan Li Qi))**

        70.  On or about August 31, 2003, at approximately 12:15 p.m., at 1530 Broadway, near West 47th Street, in the County, City and State of New York, PLAINTIFF QUANLI QI, a visual artist, was at said location for the lawful purpose of displaying and creating artwork to sell to passers-by.

        71.  On or about August 31, 2003, at approximately 12:15 p.m., at 1530 Broadway, near West 47th Street, in the County, City and State of New York, DEFENDANT POLICE OFFICER NEAL LECLERC (Shield # 02961) improperly and wrongly asked Plaintiff Quanli Qi for his general vendors license, even though First Amendment vendors, such as visual

artists like Plaintiff Quanli Qi, are not required to possess such a license.

72.  On or about August 31, 2003, at approximately 12:15 p.m., at 1530 Broadway, near West 47th Street, in the County, City and State of New York, Defendant Police Officer Neal Leclerc maliciously and falsely placed Plaintiff Quanli Qi under arrest, without probable cause, and charged Plaintiff Quanli Qi with a violation of Section 20-453 ("unlicensed general vendor") of the Administrative Code of the City of New York.

73.  On or about August 31, 2003, Defendant Leclerc and DEFENDANT DETECTIVE JAMES BLAKE (Shield # 05884) caused to be docketed in the Criminal Court of the City of New York, County of New York, a complaint, under Docket Number 2003NY058204, charging Plaintiff Quanli Qi with a violation of Section 20-453 ("unlicensed general vendor") of the Administrative Code of the City of New York.

74.  As a result of his August 31, 2003 arrest, Plaintiff Quanli Qi spent time in the custody of Defendants, as well as in the custody of the New York City Police Department and the New York City Department of Correction.

75.  As a result of his August 31, 2003 arrest, Plaintiff Quanli Qi spent time handcuffed and/or in jail cells.

76.  As a result of his August 31, 2003 arrest, Plaintiff Quanli Qi spent over 24 hours in custody.  Plaintiff Quanli Qi suffered during the time he was held in custody and thereafter.

77. As a result of his August 31, 2003 arrest and the resultant Criminal Court case, Plaintiff Quanli Qi appeared in the Criminal Court of the City of New York on September 1, 2003.

16

78.  Defendants City of New York and Leclerc committed the above actions and engaged in the conduct described above with regard to Plaintiff Quanli Qi's August 31, 2003 arrest for the common purpose of implementing the false and illegal arrest of Plaintiff Quanli Qi in violation of his constitutional and civil rights.

79.  With regard to Plaintiff Quanli Qi's August 31, 2003 arrest, Defendants City of New York, Police Officer Leclerc, and Detective Blake were without probable cause or justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff Quanli Qi.  Said Defendants are responsible for their acts and for the arrest, charging and prosecution caused by them.

80.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists in facts and circumstances similar to those alleged with regard to Plaintiff Quanli Qi's August 31, 2003 arrest.

81.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists, particularly artists of Asian descent, in facts and circumstances similar to those alleged with regard to Plaintiff Quanli Qi's August 31, 2003 arrest.

82.  As a direct and proximate consequence of the matters alleged with regard to Plaintiff Quanli Qi's August 31, 2003 arrest, Plaintiff Quanli Qi suffered physical discomfort, emotional trauma, fear, anguish, humiliation, embarrassment and insult, loss of income, and loss of personal property.

**June 27, 2004 Incident (Quanli Qi (aka Quan Li Qi))**

83.  On or about June 27, 2004, at approximately 1:40 p.m., near 5 Times Square, in the County, City and State of New York, PLAINTIFF QUANLI QI (aka Quan Li Qi), a visual

artist, was at said location for the lawful purpose of creating artwork to sell to passers-by.

84.   On or about June 27, 2004, at approximately 1:40 p.m., near 5 Times Square, in the County, City and State of New York, DEFENDANT POLICE OFFICER DANIEL DOODY (Tax Registry # 906140) maliciously and falsely placed Plaintiff Quanli Qi under arrest, and issued Plaintiff a summons (i.e., Summons Number E 133 814 946), without probable cause, and charged Plaintiff Quanli Qi with a violation of Section 20-465.1 of the Administrative Code of the City of New York.

85.   On or about June 27, 2004, Defendant Doody caused to be docketed in the Environmental Control Board of the City of New York, County of New York, a complaint, under Summons Number E 133 814 946 charging Plaintiff Quanli Qi with a violation of Section 20-465.1 of the Administrative Code of the City of New York.  Said case was dismissed in its entirety as a result of a hearing held at the Environmental Control Board on or about July 27, 2004.

86. As a result of his June 27, 2004 arrest and the resultant Environmental Control Board case, Plaintiff Quanli Qi appeared in the Environmental Control Board of the City of New York, New York County, on July 27, 2004.

87.   Defendants City of New York and Daniel Doody committed the above actions and engaged in the conduct described above with regard to Plaintiff Quanli Qi's June 27, 2004 arrest for the common purpose of implementing the false and illegal arrest of Plaintiff Quanli Qi in violation of his constitutional and civil rights.

88.   On or about July 27, 2004, all charges against Plaintiff Quanli Qi with regard to his June 27, 2004 arrest were dismissed in the Environmental Control Board of the City of

New York, New York County, after a July 27, 2004 hearing.

89.  The charges against Plaintiff Quanli Qi with regard to his June 27, 2004 arrest were wholly resolved in his favor.

90.  With regard to Plaintiff Quanli Qi's June 27, 2004 arrest, Defendants City of New York and Police Officer Daniel Doody were without probable cause or justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff Quanli Qi. Said Defendants are responsible for their acts and for the assault, arrest, charging and prosecution caused by them.

91.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists in facts and circumstances similar to those alleged with regard to Plaintiff Quanli Qi's June 27, 2004 arrest.

92.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists, particularly artists of Asian descent, in facts and circumstances similar to those alleged with regard to Plaintiff Quanli Qi's June 27, 2004 arrest.

93.  As a direct and proximate consequence of the matters alleged with regard to Plaintiff Quanli Qi's June 27, 2007 arrest, Plaintiff Quanli Qi suffered emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

## JIAN FA FANG

### July 4, 2004 Incident (Jian Fa Fang)

94.  On or about July 4, 2004, at approximately 1:40 a.m., at West 46th Street and Broadway, in the County, City and State of New York, PLAINTIFF JIAN FA FANG, a visual artist, was at said location for the lawful purpose of drawing portraits of passers-by to sell to

them.

95.  On or about July 4, 2004, at approximately 1:40 a.m., at West 46th Street and Broadway, in the County, City and State of New York, DEFENDANT POLICE OFFICER RUDOLPH GUARNACCIA (Tax Registry # 917724; Shield # 8793) improperly and wrongly accused Plaintiff Jian Fa Fang of disorderly conduct in violation of Sections 240.20(5) and 240.20(6) of the Penal Law of the State of New York.

96.  On or about July 4, 2004, at approximately 1:40 a.m., at West 46th Street and Broadway, in the County, City and State of New York, Defendant Police Officer Guarnaccia maliciously and falsely arrested Plaintiff Jian Fa Fang and issued Plaintiff Jian Fa Fang two summonses (i.e., Summons Numbers 423132121-8 and 423132122-0), without probable cause, and charged Plaintiff Jian Fa Fang with disorderly conduct in violation of Sections 240.20(5) and 240.20(6) of the Penal Law of the State of New York, respectively.  DEFENDANT POLICE OFFICER MICHAEL GUARRIELLO (Shield # 22940) and DEFENDANT SERGEANT CRAIG McCRAY (Shield # 4811) assisted Defendant Police Officer Guarnaccia in his July 4, 2004 arrest and charging of Plaintiff Jian Fa Fang.

97.  As a result of his July 4, 2004 arrest, Plaintiff Jian Fa Fang spent approximately 30 minutes in the custody of Defendants at a police precinct.

98.  On or about July 4, 2004, Defendant Police Officer Guarnaccia, with the assistance of Defendant Police Officer Guarriello and Defendant Sergeant McCray, caused to be docketed in the Criminal Court of the City of New York, County of New York, two complaints, under Docket Numbers 2004SC011055 and 2004SC011056, charging Plaintiff Jian Fa Fang with disorderly conduct in violation of Sections 240.20(5) and 240.20(6) of the Penal Law of the State

of New York, respectively.  Said cases were dismissed in their entireties in the Criminal Court of the City of New York, New York County, on or about September 16, 2004.

99. As a result of his July 4, 2004 arrest and the resultant Criminal Court cases, Plaintiff Jian Fa Fang appeared in the Criminal Court of the City of New York, New York County, on August 20, 2004 and September 16, 2004.

100.  Defendants City of New York, Guarnaccia, Guarriello and McCray committed the above actions and engaged in the conduct described above with regard to Plaintiff Jian Fa Fang's July 4, 2004 arrest for the common purpose of implementing the false and illegal arrest of Plaintiff Jian Fa Fang in violation of his constitutional and civil rights.

101.  On or about September 16, 2004, all charges against Plaintiff Jian Fa Fang with regard to his July 4, 2004 arrest were dismissed in the Criminal Court of the City of New York, New York County.

102.  The charges against Plaintiff Jian Fa Fang with regard to his July 4, 2004 arrest were wholly resolved in his favor.

103.  With regard to Plaintiff Jian Fa Fang's July 4, 2004 arrest, Defendants City of New York, Police Officer Guarnaccia, Police Officer Guarriello and Sergeant McCray were without probable cause or justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff Jian Fa Fang.  Said Defendants are responsible for their acts and for the arrest, charging and prosecution caused by them.

104.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists in facts and circumstances similar to those alleged with regard to Plaintiff Jian Fa Fang's July 4, 2004 arrest.

21

105.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists, particularly artists of Asian descent, in facts and circumstances similar to those alleged with regard to Plaintiff Jian Fa Fang's July 4, 2004 arrest.

106.  As a direct and proximate consequence of the matters alleged with regard to Plaintiff Jian Fa Fang's July 4, 2004 arrest, Plaintiff Jian Fa Fang suffered emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**July 9, 2004 Incident (Jian Fa Fang)**

107.  On or about approximately Friday, 07/09/04, at approximately 8:00 to 9:00 p.m., at approximately West 47th Street and 7th Avenue, in the County, City and State of New York, PLAINTIFF JIAN FA FANG, a visual artist, was at said location for the lawful purpose of drawing portraits of passers-by to sell to them.

108. On or about approximately Friday, 07/09/04, at approximately 8:00 to 9:00 p.m., at approximately West 47th Street and 7th Avenue, in the County, City and State of New York, DEFENDANT POLICE OFFICER EDWIN SANTIAGO (Shield # 12719) harassed Plaintiff Jian Fa Fang without probable cause or justification.  Defendant Police Officer Edwin Santiago told Plaintiff Jian Fa Fang to go to side street because he did not have a license and because he did not pay tax, while at the same time and place from whence Defendant Police Officer Edwin Santiago was chasing away Plaintiff Jian Fa Fang there were general merchandise vendors and food vendors operating.  Defendant Police Officer Edwin Santiago told Plaintiff Jian Fa Fang that he should bring his tax returns to prove that he paid tax.  Defendant Police Officer Edwin Santiago made additional harassing and derogatory comments to Fang and, in addition, made slurs with respect to Plaintiff Jian Fa Fang being Chinese.  Defendant Police

Officer Edwin Santiago told Jian Fa Fang that he did not want to see him again.  Defendant

Police Officer Edwin Santiago damaged Plaintiff Jian Fa Fang's drawing and drawing paper.

Plaintiff Jian Fa Fang was frightened by Defendant Police Officer Edwin Santiago conduct and

comments so Plaintiff Jian Fa Fang left the area.

109.  During the course of the July 9, 2004 incident, Plaintiff Jian Fa Fang did not

do anything improper or illegal, and Defendant Police Officer Santiago did not arrest Plaintiff

Jian Fa Fang or issue any summonses to Plaintiff Jian Fa Fang.

110.  Defendants City of New York and Edwin Santiago committed the above

actions and engaged in the conduct described above with regard to Plaintiff Jian Fa Fang's

aforementioned (approximately) July 9, 2004 incident for the common purpose of violating

Plaintiff Jian Fa Fang's constitutional and civil rights.

111. Defendants City of New York and Edwin Santiago are responsible for their

acts and for the harassment and violations of constitutional and civil rights caused by them.

112.  Defendant City of New York engages in a policy, practice, pattern and/or

custom of harassing artists and of violating their constitutional and civil rights in facts and

circumstances similar to those alleged with regard to Plaintiff Jian Fa Fang's (approximately)

July 9, 2004 incident.

113.  Defendant City of New York engages in a policy, practice, pattern and/or

custom of harassing artists and of violating their constitutional and civil rights, particularly

artists of Asian descent, in facts and circumstances similar to those alleged with regard to

Plaintiff Jian Fa Fang's (approximately) July 9, 2004 incident.

114.  As a direct and proximate consequence of the matters alleged with regard to

Plaintiff Jian Fa Fang's (approximately) July 9, 2004 incident, Plaintiff Jian Fa Fang suffered emotional trauma, fear, anguish, humiliation, embarrassment and insult, loss of income, and loss of personal property.

**July 24, 2004 or July 25, 2004 Incident (Jian Fa Fang)**

115. On or about July 24, 2004 or July 25, 2004, at approximately 12:30 a.m., at West 47th Street and 7th Avenue, in the County, City and State of New York, PLAINTIFF JIAN FA FANG, a visual artist, was at said location for the lawful purpose of drawing portraits of passers-by to sell to them.

116. On or about July 24, 2004 or July 25, 2004, at approximately 12:30 a.m., at West 47th Street and 7th Avenue, in the County, City and State of New York, DEFENDANT POLICE OFFICER EDWIN SANTIAGO (Shield # 12719) improperly and wrongly accused Plaintiff Jian Fa Fang with a violation of Section 20-465M of the Administrative Code of the City of New York ("set up display on ventilation grill").

117. On or about July 24, 2004 or July 25, 2004, at approximately 12:30 a.m., at West 47th Street and 7th Avenue, in the County, City and State of New York, Defendant Police Officer Edwin Santiago maliciously and falsely arrested Plaintiff Jian Fa Fang and issued Plaintiff Jian Fa Fang a summons (i.e., Summons Number 412319883-1), without probable cause, and charged Plaintiff Jian Fa Fang with a violation of Section 20-465M of the Administrative Code of the City of New York ("set up display on ventilation grill"). DEFENDANT SERGEANT CHRISTOPHER GAHN (Shield # 3842) assisted Defendant Police Officer Santiago in his July 24, 2004 or July 25, 2004 arrest and charging of Plaintiff Jian Fa Fang.

24

118.  During the course of Plaintiff Jian Fa Fang's arrest, Defendant Police Officer Edwin Santiago treated Plaintiff Fang roughly, and in particular hit Plaintiff Jian Fa Fang's right hand, causing painful injuries to his hand and arm that required hospital treatment and Plaintiff Jian Fa Fang's wearing of a cast.  As a result of the aforementioned assault in connection with Plaintiff Jian Fa Fang's July 24, 2004 or July 25, 2004 arrest, Plaintiff Jian Fa Fang was physically injured and suffered bruising, swelling and pain to his right wrist, fingers and arm due to the actions of Defendant Police Officer Edwin Santiago, and was unable to work for a period of time after Police Officer Edwin Santiago's assault.

119.  During the course of Plaintiff Jian Fa Fang's arrest, Defendant Police Officer Edwin Santiago made derogatory, insulting and harassing comments to Plaintiff Jian Fa Fang, such as telling Jian Fa Fang that he was not a real artist because he was drawing in the street and telling Jian Fa Fang that he was giving him a $1,000 ticket this time but that next time he would give him a $2,000 ticket.  As a result of Defendant Police Officer Edwin Santiago's remarks, Plaintiff Jian Fa Fang suffered embarrassment and anguish, humiliation, and emotional distress.

120.  During the course of Plaintiff Jian Fa Fang's July 24, 2004 or July 25, 2004 arrest, Police Officer Edwin Santiago broke Jian Fa Fang's charcoal and damaged Jian Fa Fang's drawing paper.

121.  During the course of Plaintiff Jian Fa Fang's July 24, 2004 or July 25, 2004 arrest, other artists were present, but only Plaintiff Jian Fa Fang was arrested, assaulted and harassed.

122.  On or about July 24, 2004 or July 25, 2004, Defendant Police Officer Edwin

25

Santiago, with the assistance of Defendant Sergeant Gahn, caused to be docketed in the Criminal Court of the City of New York, County of New York, a complaint, charging Plaintiff Jian Fa Fang with a violation of Section 20-465M of the Administrative Code of the City of New York ("set up display on ventilation grill"). Said case was dismissed in its entirety in the Criminal Court of the City of New York, New York County, on or about September 22, 2004.

123. As a result of his July 24, 2004 or July 25, 2004 arrest and the resultant Criminal Court case, Plaintiff Jian Fa Fang appeared in the Criminal Court of the City of New York, New York County, on September 22, 2004.

124. Defendants City of New York, Santiago and Gahn committed the above actions and engaged in the conduct described above with regard to Plaintiff Jian Fa Fang's July 24, 2004 or July 25, 2004 arrest for the common purpose of implementing the false and illegal arrest of Plaintiff Jian Fa Fang in violation of his constitutional and civil rights.

125. On or about September 22, 2004, all charges against Plaintiff Jian Fa Fang with regard to his July 24, 2004 or July 25, 2004 arrest were dismissed in the Criminal Court of the City of New York, New York County.

126. The charges against Plaintiff Jian Fa Fang with regard to his July 24, 2004 or July 25, 2004 arrest were wholly resolved in his favor.

127. With regard to Plaintiff Jian Fa Fang's July 24, 2004 or July 25, 2004 arrest, Defendants City of New York, Police Officer Santiago and Sergeant Gahn were without probable cause or justification to assault, arrest, charge or prosecute or to cause the assault, arrest, charging or prosecution of Plaintiff Jian Fa Fang. Said Defendants are responsible for their acts and for the assault, arrest, charging and prosecution caused by them.

128.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists in facts and circumstances similar to those alleged with regard to Plaintiff Jian Fa Fang's July 24, 2004 or July 25, 2004 arrest.

129.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists, particularly artists of Asian descent, in facts and circumstances similar to those alleged with regard to Plaintiff Jian Fa Fang's July 24, 2004 or July 25, 2004 arrest.

130.  As a direct and proximate consequence of the matters alleged with regard to Plaintiff Jian Fa Fang's July 24, 2004 or July 25, 2004 arrest, Plaintiff Jian Fa Fang suffered assault, physical injury and disability, physical pain and discomfort, emotional trauma, fear, anguish, humiliation, embarrassment and insult, loss of income, and loss of personal property.

**August 14, 2004 Incident (Jian Fa Fang)**

131.  On or about August 14, 2004, at approximately 2:55 p.m., at West 43rd Street and Broadway, in the County, City and State of New York, PLAINTIFF JIAN FA FANG, a visual artist, was at said location for the lawful purpose of drawing portraits of passers-by to sell to them.

132.   On or about August 14, 2004, at approximately 2:55 p.m., at West 43rd Street and Broadway, in the County, City and State of New York, DEFENDANT POLICE OFFICER ROBERT ROMAN (Tax Registry # 934129) improperly and wrongly accused Plaintiff Jian Fa Fang with a violation of Section 20-465(1) of the Administrative Code of the City of New York ("peddling restricted time and location").

133.  On or about August 14, 2004, at approximately 2:55 p.m., at West 43rd

Street and Broadway, in the County, City and State of New York, Defendant Police Officer

Robert Roman maliciously and falsely arrested Plaintiff Jian Fa Fang and issued Plaintiff Jian Fa

Fang a summons (i.e., Summons Number 421719888-7), without probable cause, and charged

Plaintiff Jian Fa Fang with a violation of Section 20-465(1) of the Administrative Code of the

City of New York.

134.  On or about August 14, 2004, Defendant Police Officer Robert Roman

caused to be docketed in the Criminal Court of the City of New York, County of New York, a

complaint (Docket No. 2004SC011913), charging Plaintiff Jian Fa Fang with a violation of

Section 20-465(1) of the Administrative Code of the City of New York. Said case was dismissed

in its entirety in the Criminal Court of the City of New York, New York County, on or about

September 14, 2004.

135. As a result of his August 14, 2004 arrest and the resultant Criminal Court

case, Plaintiff Jian Fa Fang appeared in the Criminal Court of the City of New York, New York

County, on September 14, 2004.

136.  Defendants City of New York and Roman committed the above actions and

engaged in the conduct described above with regard to Plaintiff Jian Fa Fang's August 14, 2004

arrest for the common purpose of implementing the false and illegal arrest of Plaintiff Jian Fa

Fang in violation of his constitutional and civil rights.

137.  On or about September 14, 2004, all charges against Plaintiff Jian Fa Fang

with regard to his August 14, 2004 arrest were dismissed in the Criminal Court of the City of

New York, New York County.

138.  The charges against Plaintiff Jian Fa Fang with regard to his August 14,

2004 arrest were wholly resolved in his favor.

139.  With regard to Plaintiff Jian Fa Fang's August 14, 2004 arrest, Defendants City of New York and Police Officer Roman were without probable cause or justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff Jian Fa Fang.  Said Defendants are responsible for their acts and for the arrest, charging and prosecution caused by them.

140.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists in facts and circumstances similar to those alleged with regard to Plaintiff Jian Fa Fang's August 14, 2004 arrest.

141.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists, particularly artists of Asian descent, in facts and circumstances similar to those alleged with regard to Plaintiff Jian Fa Fang's August 14, 2004 arrest.

142.  As a direct and proximate consequence of the matters alleged with regard to Plaintiff Jian Fa Fang's August 14, 2004 arrest, Plaintiff Jian Fa Fang suffered emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**September 18, 2004 Incident (Jian Fa Fang)**

143.  On or about September 18, 2004, at approximately 12:55 a.m., in front of 1560 Broadway, near West 47th Street, in the County, City and State of New York, PLAINTIFF JIAN FA FANG, a visual artist, was at said location for the lawful purpose of drawing portraits of passers-by to sell to them.

144.  On or about September 18, 2004, at approximately 12:55 a.m., in front of 1560 Broadway, near West 47th Street, in the County, City and State of New York,

DEFENDANT POLICE OFFICER BRENDAN MEEHAN (Tax Registry # 933012; Shield # 30563) improperly and wrongly accused Plaintiff Jian Fa Fang of disorderly conduct in violation of Section 240.20 of the Penal Law of the State of New York.

145. On or about September 18, 2004, at approximately 12:55 a.m., in front of 1560 Broadway, near West 47th Street, in the County, City and State of New York, Defendant Police Officer Meehan maliciously and falsely arrested Plaintiff Jian Fa Fang and issued Plaintiff Jian Fa Fang a summons (i.e., Summons Number 421719675-1), without probable cause, and charged Plaintiff Jian Fa Fang with disorderly conduct in violation of Section 240.20 of the Penal Law of the State of New York. DEFENDANT POLICE OFFICER YVETTE MATTHEWS (Shield # 7929) and DEFENDANT POLICE OFFICER MATTHEW TEAGUE (Shield # 31662) assisted Defendant Police Officer Meehan in his September 18, 2004 arrest and charging of Plaintiff Jian Fa Fang.

146. On or about September 18, 2004, Defendant Police Officer Meehan, with the assistance of Defendant Police Officer Matthews and Defendant Police Officer Teague, caused to be docketed in the Criminal Court of the City of New York, County of New York, a complaint, under Docket Number 2004SC014665, charging Plaintiff Jian Fa Fang with disorderly conduct in violation of Section 240.20 of the Penal Law of the State of New York. Said case was dismissed in its entirety in the Criminal Court of the City of New York, New York County, on or about November 18, 2004.

147. As a result of his September 18, 2004 arrest and the resultant Criminal Court case, Plaintiff Jian Fa Fang appeared in the Criminal Court of the City of New York, New York County, on November 18, 2004.

148.  Defendants City of New York, Meehan, Matthews, and Teague committed the above actions and engaged in the conduct described above with regard to Plaintiff Jian Fa Fang's September 18, 2004 arrest for the common purpose of implementing the false and illegal arrest of Plaintiff Jian Fa Fang in violation of his constitutional and civil rights.

149.  On or about November 18, 2004, all charges against Plaintiff Jian Fa Fang with regard to his September 18, 2004 arrest were dismissed in the Criminal Court of the City of New York, New York County.

150.  The charges against Plaintiff Jian Fa Fang with regard to his September 18, 2004 arrest were wholly resolved in his favor.

151.  With regard to Plaintiff Jian Fa Fang's September 18, 2004 arrest, Defendants City of New York, Police Officer Meehan, Police Officer Matthews, and Police Officer Teague were without probable cause or justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff Jian Fa Fang.  Said Defendants are responsible for their acts and for the arrest, charging and prosecution caused by them.

152.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists in facts and circumstances similar to those alleged with regard to Plaintiff Jian Fa Fang's September 18, 2004 arrest.

153.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists, particularly artists of Asian descent, in facts and circumstances similar to those alleged with regard to Plaintiff Jian Fa Fang's September 18, 2004 arrest.

154.  As a direct and proximate consequence of the matters alleged with regard to Plaintiff Jian Fa Fang's September 18, 2004 arrest, Plaintiff Jian Fa Fang suffered emotional

31

trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**September 25, 2004 Incident (Jian Fa Fang)**

155.  On or about September 25, 2004, at approximately 8:22 p.m., at West 42nd Street and 7th Avenue, in the County, City and State of New York, PLAINTIFF JIAN FA FANG, a visual artist, was at said location for the lawful purpose of drawing portraits of passers-by to sell to them.

156.  On or about September 25, 2004, at approximately 8:22 p.m., at West 42nd Street and 7th Avenue, in the County, City and State of New York, DEFENDANT POLICE OFFICER THOMAS GRACE (Tax Registry # 933817; Shield # 1436) improperly and wrongly accused Plaintiff Jian Fa Fang of disorderly conduct in violation of Section 240.20(5) (blocking pedestrian traffic) of the Penal Law of the State of New York.

157.  On or about September 25, 2004, at approximately 8:22 p.m., at West 42nd Street and 7th Avenue, in the County, City and State of New York, Defendant Police Officer Grace maliciously and falsely arrested Plaintiff Jian Fa Fang and issued Plaintiff Jian Fa Fang a summons (i.e., Summons Number 423051620-4), without probable cause, and charged Plaintiff Jian Fa Fang with disorderly conduct in violation of Section 240.20(5) of the Penal Law of the State of New York.  DEFENDANT POLICE OFFICER THOMAS GARRITY (Shield # 7734) assisted Defendant Police Officer Grace in his September 25, 2004 arrest and charging of Plaintiff Jian Fa Fang.

158.  On or about September 25, 2004, Defendant Police Officer Grace, with the assistance of Defendant Police Officer Garrity, caused to be docketed in the Criminal Court of the City of New York, County of New York, a complaint, under Docket Number

2004SC013602, charging Plaintiff Jian Fa Fang with disorderly conduct in violation of Section 240.20(5) of the Penal Law of the State of New York.  Said case was dismissed in its entirety in the Criminal Court of the City of New York, New York County, on or about October 25, 2004.

159. As a result of his September 25, 2004 arrest and the resultant Criminal Court case, Plaintiff Jian Fa Fang appeared in the Criminal Court of the City of New York, New York County, on October 25, 2004.

160.  Defendants City of New York, Grace, and Garrity committed the above actions and engaged in the conduct described above with regard to Plaintiff Jian Fa Fang's September 25, 2004 arrest for the common purpose of implementing the false and illegal arrest of Plaintiff Jian Fa Fang in violation of his constitutional and civil rights.

161.  On or about October 25, 2004, all charges against Plaintiff Jian Fa Fang with regard to his September 25, 2004 arrest were dismissed in the Criminal Court of the City of New York, New York County.

162.  The charges against Plaintiff Jian Fa Fang with regard to his September 25, 2004 arrest were wholly resolved in his favor.

163.  With regard to Plaintiff Jian Fa Fang's September 25, 2004 arrest, Defendants City of New York, Police Officer Grace, and Police Officer Garrity were without probable cause or justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff Jian Fa Fang.  Said Defendants are responsible for their acts and for the arrest, charging and prosecution caused by them.

164.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists in facts and circumstances similar to those alleged with regard to

Plaintiff Jian Fa Fang's September 25, 2004 arrest.

165.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists, particularly artists of Asian descent, in facts and circumstances similar to those alleged with regard to Plaintiff Jian Fa Fang's September 25, 2004 arrest.

166.  As a direct and proximate consequence of the matters alleged with regard to Plaintiff Jian Fa Fang's September 25, 2004 arrest, Plaintiff Jian Fa Fang suffered emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**December 21, 2004 and/or December 29, 2004 Incident (Jian Fa Fang)**

167.  On or about December 21, 2004 and/or December 29, 2004, at approximately 9:05 p.m., in front of 626 Fifth Avenue, in the County, City and State of New York, PLAINTIFF JIAN FA FANG, a visual artist, was at said location for the lawful purpose of drawing portraits of passers-by to sell to them.

168.  On or about December 21, 2004 and/or December 29, 2004, at approximately 9:05 p.m., in front of 626 Fifth Avenue, in the County, City and State of New York, DEFENDANT POLICE OFFICER JASON ANDREULA (Tax Registry # 923510) improperly and wrongly accused Plaintiff Jian Fa Fang of vending in a bus stop in violation of Section 20-465(e) of the Administrative Code of the City of New York.

169.  On or about December 21, 2004 and/or December 29, 2004, at approximately 9:05 p.m., in front of 626 Fifth Avenue, in the County, City and State of New York, Defendant Police Officer Andreula maliciously and falsely arrested Plaintiff Jian Fa Fang and issued Plaintiff Jian Fa Fang a summons (i.e., Summons Number E 134 427 188), without probable cause, and charged Plaintiff Jian Fa Fang with vending in a bus stop in violation of

34

Section 20-465(e) of the Administrative Code of the City of New York.

170.  During the course of Plaintiff Jian Fa Fang's December 21, 2004 and/or December 29, 2004 arrest, Defendant Police Officer Andreula spoke to Plaintiff Jian Fa Fang in an abusive manner, saying:  "Get the fuck out of here." and "You want to get my name or you want to get out of here?"

171.  Around the same time that Defendant Police Officer Andreula was issuing a summons to Plaintiff Jian Fa Fang, Defendant Police Officer Andreula allowed food and other vendors to stay and continue to sell at the subject location.

172.  On or about December 21, 2004 and/or December 29, 2004, Defendant Police Officer Andreula caused to be docketed in the Environmental Control Board of the City of New York, County of New York, a complaint, under Summons Number E 134 427 188, charging Plaintiff Jian Fa Fang with vending in a bus stop in violation of Section 20-465(e) of the Administrative Code of the City of New York.  Said case was dismissed in its entirety in the Environmental Control Board of the City of New York, New York County, on or about January 4, 2005, after a January 4, 2005 hearing.

173. As a result of his December 21, 2004 and/or December 29, 2004 arrest and the resultant Environmental Control Board case, Plaintiff Jian Fa Fang appeared in the Environmental Control Board of the City of New York, New York County, on January 4, 2005.

174.  Defendants City of New York and Police Officer Andreula committed the above actions and engaged in the conduct described above with regard to Plaintiff Jian Fa Fang's December 21, 2004 and/or December 29, 2004 arrest for the common purpose of implementing the false and illegal arrest of Plaintiff Jian Fa Fang in violation of his constitutional and civil

rights.

175.  On or about January 4, 2005, all charges against Plaintiff Jian Fa Fang with regard to his December 21, 2004 and/or December 29, 2004 arrest were dismissed in the Environmental Control Board of the City of New York, New York County.

176.  The charges against Plaintiff Jian Fa Fang with regard to his December 21, 2004 and/or December 29, 2004 arrest were wholly resolved in his favor.

177.  With regard to Plaintiff Jian Fa Fang's December 21, 2004 and/or December 29, 2004 arrest, Defendants City of New York and Police Officer Andreula were without probable cause or justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff Jian Fa Fang.  Said Defendants are responsible for their acts and for the arrest, charging and prosecution caused by them.

178.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists in facts and circumstances similar to those alleged with regard to Plaintiff Jian Fa Fang's December 21, 2004 and/or December 29, 2004 arrest.

179.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists, particularly artists of Asian descent, in facts and circumstances similar to those alleged with regard to Plaintiff Jian Fa Fang's December 21, 2004 and/or December 29, 2004 arrest.

180.  As a direct and proximate consequence of the matters alleged with regard to Plaintiff Jian Fa Fang's December 21, 2004 and/or December 29, 2004 arrest, Plaintiff Jian Fa Fang suffered emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**July 20, 2005 Incident (Jian Fa Fang)**

181.  On or about July 20, 2005, at approximately 10:46 p.m., in front of 220 West 42nd Street, in the County, City and State of New York, PLAINTIFF JIAN FA FANG, a visual artist, was at said location for the lawful purpose of drawing portraits of passers-by to sell to them.

182.  On or about July 20, 2005, at approximately 10:46 p.m., in front of 220 West 42nd Street, in the County, City and State of New York, DEFENDANT POLICE OFFICER CHRISTOPHER DONATO (Tax Registry # 934322) improperly and wrongly accused Plaintiff Jian Fa Fang of disorderly conduct in violation of Section 240.20(6) of the Penal Law of the State of New York.

183.  On or about July 20, 2005, at approximately 10:46 p.m., in front of 220 West 42nd Street, in the County, City and State of New York, Defendant Police Officer Donato maliciously and falsely arrested Plaintiff Jian Fa Fang and issued Plaintiff Jian Fa Fang a summons (i.e., Summons Number 424953201-0), without probable cause, and charged Plaintiff Jian Fa Fang with disorderly conduct in violation of Section 240.20(6) of the Penal Law of the State of New York.

184.  During the course of Plaintiff Jian Fa Fang's July 20, 2005 arrest, Defendant Police Officer Donato punched Plaintiff Jian Fa Fang's chest with his open hand,  pushing Plaintiff Jian Fa Fang and causing him pain and discomfort.

185.  During the course of Plaintiff Jian Fa Fang's July 20, 2005 arrest, Defendant Police Officer Donato handcuffed Plaintiff Jian Fa Fang and took Plaintiff Jian Fa Fang to a precinct where said Plaintiff was held in custody and/or in jail for approximately one hour.

186.  During the course of Plaintiff Jian Fa Fang's July 20, 2005 arrest, Defendant Police Officer Donato told Plaintiff Jian Fa Fang to move away from the subject location, that the artists could not stay, and that only the food vendors could stay.  At the same time Defendant Police Officer Donato told Plaintiff Jian Fa Fang to move, Defendant Police Officer Donato allowed food vendors, such as peanut sellers, to stay and continue to sell their food at the subject location.

187.  On or about July 20, 2005, Defendant Police Officer Donato caused to be docketed in the Criminal Court of the City of New York, County of New York, a complaint, under Docket Number 2005SC009267, charging Plaintiff Jian Fa Fang with disorderly conduct in violation of Section 240.20(6) of the Penal Law of the State of New York.  Said case was dismissed in its entirety in the Criminal Court of the City of New York, New York County, on or about August 22, 2005.

188.  As a result of his July 20, 2005 arrest, Plaintiff Jian Fa Fang spent time in the custody of Defendants, as well as in the custody of the New York City Police Department.

189.  As a result of his July 20, 2005 arrest, Plaintiff Jian Fa Fang spent time handcuffed and/or in jail cells.

190.  As a result of his July 20, 2005 arrest, Plaintiff Jian Fa Fang spent approximately one hour in custody.  Plaintiff Jian Fa Fang suffered discomfort and emotional distress during the time he was held in custody and for a period of time thereafter.

191. As a result of his July 20, 2005 arrest and the resultant Criminal Court case, Plaintiff Jian Fa Fang appeared in the Criminal Court of the City of New York, New York County, on August 22, 2005.

192.  Defendants City of New York and Police Officer Donato committed the above actions and engaged in the conduct described above with regard to Plaintiff Jian Fa Fang's July 20, 2005 arrest for the common purpose of implementing the false and illegal arrest of Plaintiff Jian Fa Fang in violation of his constitutional and civil rights.

193.  On or about August 22, 2005, all charges against Plaintiff Jian Fa Fang with regard to his July 20, 2005 arrest were dismissed in the Criminal Court of the City of New York, New York County.

194.  The charges against Plaintiff Jian Fa Fang with regard to his July 20, 2005 arrest were wholly resolved in his favor.

195.  With regard to Plaintiff Jian Fa Fang's July 20, 2005 arrest, Defendants City of New York and Police Officer Donato were without probable cause or justification to assault, arrest, charge or prosecute or to cause the assault, arrest, charging or prosecution of Plaintiff Jian Fa Fang.  Said Defendants are responsible for their acts and for the assault, arrest, charging and prosecution caused by them.

196.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists in facts and circumstances similar to those alleged with regard to Plaintiff Jian Fa Fang's July 20, 2005 arrest.

197.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists, particularly artists of Asian descent, in facts and circumstances similar to those alleged with regard to Plaintiff Jian Fa Fang's July 20, 2005 arrest.

198.  As a direct and proximate consequence of the matters alleged with regard to Plaintiff Jian Fa Fang's July 20, 2005 arrest, Plaintiff Jian Fa Fang suffered assault, physical

injury and disability, physical pain and discomfort, emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**August 3, 2005 Incident (Jing Ren Chen, Jian Fa Fang, and Liming Yu)**

199.  On or about August 3, 2005, at approximately 11:00 p.m., at West 46th Street between Broadway and 8th Avenue, in the County, City and State of New York, PLAINTIFFS JING REN CHEN, JIAN FA FANG, and LIMING YU (i.e., Plaintiffs in related cases 2005 CIV. 4679 (CBM) (Chen) and 2005 CIV. 5943 (CBM) (Fang and Yu)), all visual artists, were each at said location for the lawful purpose of independently displaying his own original portraits and/or artwork and drawing portraits of passers-by and/or other artwork to sell to them.

200.  On or about August 3, 2005, at approximately 11:00 p.m., at West 46th Street between Broadway and 8th Avenue, in the County, City and State of New York, DEFENDANT POLICE OFFICER EDWARD SKRZYPEK (Shield # 6333) improperly and wrongly told Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu to move, and picked up and tossed to the ground, towards a tree, various art materials and/or implements belonging to said Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu.  During the course of the August 3, 2005 incident, Defendant Police Officer Skrzypek made "funny faces" and laughed at said Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu, and asked Plaintiff Fang if he was a man or a woman.  During the course of the August 3, 2005 incident, Defendant Police Officer Skrzypek used his hand and arm to push Plaintiffs Jing Ren Chen and Liming Yu, and Defendant Police Officer Skrzypek used his hip and side to bump and push Plaintiff Jian Fa Fang.  During the course of the August 3, 2005 incident, Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu

40

observed Defendant Police Officer Skrzypek chasing away, harassing and interfering with other Asian artists besides themselves. During the course of the August 3, 2005 incident, Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu observed that Defendant Police Officer Skrzypek did not harass or otherwise interfere with general merchandise and/or food vendors. As a result of Defendant Police Officer Skrzypek's malicious and improper interference and harassment on August 3, 2005, Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu suffered humiliation and economic injuries.

201. During the course of the August 3, 2005 incident, Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu did not do anything improper or illegal, and Defendant Police Officer Skrzypek did not arrest Plaintiffs Jing Ren Chen, Jian Fa Fang, and/or Liming Yu or issue any summonses to Plaintiffs Jing Ren Chen, Jian Fa Fang, and/or Liming Yu.

202. Defendants City of New York and Police Officer Skrzypek committed the above actions and engaged in the conduct described above with regard to the August 3, 2005 incident regarding Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu for the common purpose of violating Plaintiffs Jing Ren Chen, Jian Fa Fang, and/or Liming Yu's constitutional and civil rights.

203. With regard to the August 3, 2005 incident regarding Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu, Defendants City of New York and Police Officer Skrzypek were without justification. Said Defendants are responsible for their acts and for the results flowing from their acts and caused by them.

204. Defendant City of New York engages in a policy, practice, pattern and/or custom of interfering with, harassing, and/or arresting artists in facts and circumstances similar

41

to those alleged with respect to the August 3, 2005 incident regarding Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu.

205.  Defendant City of New York engages in a policy, practice, pattern and/or custom of interfering with, harassing, and/or arresting artists, particularly artists of Asian descent, in facts and circumstances similar to those alleged with respect to the August 3, 2005 incident regarding Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu.

206.  As a direct and proximate consequence of the matters alleged with respect to the August 3, 2005 incident regarding Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu, Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu suffered emotional trauma, fear, anguish, humiliation, embarrassment and insult, property damage, and loss of income.

**August 5, 2005 Incident (Jing Ren Chen, Jian Fa Fang, and Liming Yu)**

207.  On or about August 5, 2005, at approximately 9:15 p.m., at West 46th Street between Broadway and 8th Avenue, in the County, City and State of New York, PLAINTIFFS JING REN CHEN, JIAN FA FANG, and LIMING YU (i.e., Plaintiffs in related cases 2005 CIV. 4679 (CBM) (Chen) and 2005 CIV. 5943 (CBM) (Fang and Yu)), all visual artists, were each at said location for the lawful purpose of independently displaying his own original portraits and/or artwork and drawing portraits of passers-by and/or other artwork to sell to them.

208.  On or about August 5, 2005, at approximately 9:15 p.m., at West 46th Street between Broadway and 8th Avenue, in the County, City and State of New York, DEFENDANT POLICE OFFICER EDWARD SKRZYPEK (Shield # 6333), in concert with DEFENDANT SERGEANT ANDREW LOPEZ (Shield # 123), improperly and wrongly told Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu to move, and Defendant Police Officer Edward Skrzypek

picked up and tossed to the ground, towards a tree, various art materials and/or implements belonging to said Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu. During the course of the August 5, 2005 incident, Defendant Sergeant Lopez taunted Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu, and asked Plaintiff Fang in a demeaning manner how many times he had been arrested. During the course of the August 5, 2005 incident, Defendant Police Officer Skrzypek used his hand and arm to push Plaintiffs Jing Ren Chen and Liming Yu, and Defendant Police Officer Skrzypek used his hip and side to bump and push Plaintiff Jian Fa Fang. During the course of the August 5, 2005 incident, Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu observed Defendant Police Officer Skrzypek, in concert with Sergeant Andrew Lopez, chasing away, harassing and interfering with other Asian artists besides themselves. During the course of the August 5, 2005 incident, Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu observed that neither Defendant Police Officer Skrzypek nor Sergeant Andrew Lopez harassed or otherwise interfered with general merchandise and/or food vendors. As a result of Defendant Police Officer Skrzypek's and Defendant Sergeant Andrew Lopez' malicious and improper interference and harassment on August 5, 2005, Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu suffered humiliation and economic injuries.

209. During the course of the August 5, 2005 incident, Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu did not do anything improper or illegal, and neither Defendant Police Officer Skrzypek nor Defendant Sergeant Lopez arrested Plaintiffs Jing Ren Chen, Jian Fa Fang, and/or Liming Yu or issued any summonses to Plaintiffs Jing Ren Chen, Jian Fa Fang, and/or Liming Yu.

210. Defendants City of New York, Police Officer Skrzypek, and Sergeant

43

Andrew Lopez committed the above actions and engaged in the conduct described above with regard to the August 5, 2005 incident regarding Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu for the common purpose of violating Plaintiffs Jing Ren Chen, Jian Fa Fang, and/or Liming Yu's constitutional and civil rights.

211.  With regard to the August 5, 2005 incident regarding Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu, Defendants City of New York, Police Officer Skrzypek, and Sergeant Andrew Lopez were without justification.  Said Defendants are responsible for their acts and for the results flowing from their acts and caused by them.

212.  Defendant City of New York engages in a policy, practice, pattern and/or custom of interfering with, harassing, and/or arresting artists in facts and circumstances similar to those alleged with respect to the August 5, 2005 incident regarding Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu.

213.  Defendant City of New York engages in a policy, practice, pattern and/or custom of interfering with, harassing, and/or arresting artists, particularly artists of Asian descent, in facts and circumstances similar to those alleged with respect to the August 5, 2005 incident regarding Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu.

214.  As a direct and proximate consequence of the matters alleged with respect to the August 5, 2005 incident regarding Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu, Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu suffered emotional trauma, fear, anguish, humiliation, embarrassment and insult, property damage, and loss of income.

**August 25, 2005 Incident (Jing Ren Chen, Jian Fa Fang, and Liming Yu)**

215.  On or about August 25, 2005, at approximately 10:30 p.m., at West 46th

44

Street between Broadway and 8th Avenue, in the County, City and State of New York, PLAINTIFFS JING REN CHEN, JIAN FA FANG, and LIMING YU (i.e., Plaintiffs in related cases 2005 CIV. 4679 (CBM) (Chen) and 2005 CIV. 5943 (CBM) (Fang and Yu)), all visual artists, were each at said location for the lawful purpose of independently displaying his own original portraits and/or artwork and drawing portraits of passers-by and/or other artwork to sell to them.

216.  On or about August 25, 2005, at approximately 10:30 p.m., at West 46th Street between Broadway and 8th Avenue, in the County, City and State of New York, DEFENDANT POLICE OFFICER EDWARD SKRZYPEK (Shield # 6333) improperly and wrongly told Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu to move, and picked up and tossed to the ground, towards a tree, various art materials and/or implements belonging to said Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu.  During the course of the August 25, 2005 incident, Defendant Police Officer Skrzypek used his hand and arm to push Plaintiffs Jing Ren Chen and Liming Yu, and Defendant Police Officer Skrzypek used his hip and side to bump and push Plaintiff Jian Fa Fang.  During the course of the August 25, 2005 incident, Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu observed Defendant Police Officer Skrzypek chasing away, harassing and interfering with other Asian artists besides themselves.  During the course of the August 25, 2005 incident, Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu observed that Defendant Police Officer Skrzypek did not harass or otherwise interfere with general merchandise and/or food vendors.  As a result of Defendant Police Officer Skrzypek's malicious and improper interference and harassment on August 25, 2005, Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu suffered humiliation and economic injuries.

217.  During the course of the August 25, 2005 incident, Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu did not do anything improper or illegal, and Defendant Police Officer Skrzypek did not arrest Plaintiffs Jing Ren Chen, Jian Fa Fang, and/or Liming Yu or issue any summonses to Plaintiffs Jing Ren Chen, Jian Fa Fang, and/or Liming Yu.

218.  Defendants City of New York and Police Officer Skrzypek committed the above actions and engaged in the conduct described above with regard to the August 25, 2005 incident regarding Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu for the common purpose of violating Plaintiffs Jing Ren Chen, Jian Fa Fang, and/or Liming Yu's constitutional and civil rights.

219.  With regard to the August 25, 2005 incident regarding Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu, Defendants City of New York and Police Officer Skrzypek were without justification.  Said Defendants are responsible for their acts and for the results flowing from their acts and caused by them.

220.  Defendant City of New York engages in a policy, practice, pattern and/or custom of interfering with, harassing, and/or arresting artists in facts and circumstances similar to those alleged with respect to the August 25, 2005 incident regarding Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu.

221.  Defendant City of New York engages in a policy, practice, pattern and/or custom of interfering with, harassing, and/or arresting artists, particularly artists of Asian descent, in facts and circumstances similar to those alleged with respect to the August 25, 2005 incident regarding Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu.

222.  As a direct and proximate consequence of the matters alleged with respect to

the August 25, 2005 incident regarding Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu,

Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu suffered emotional trauma, fear, anguish,

humiliation, embarrassment and insult, property damage, and loss of income.

## LIMING YU

### August 14, 2004 Incident (Liming Yu)

223.  On or about August 14, 2004, at approximately 9:00 p.m., at West 43rd

Street and Broadway, in the County, City and State of New York, PLAINTIFF LIMING YU, a

visual artist, was at said location for the lawful purpose of drawing portraits of passers-by to sell

to them.

224.   On or about August 14, 2004, at approximately 9:00 p.m., at West 43rd

Street and Broadway, in the County, City and State of New York, DEFENDANT POLICE

OFFICER ALISTAIR BASCOM (Tax Registry # 932301) improperly and wrongly accused

Plaintiff Liming Yu of a violation of Section 20-465(6) of the Administrative Code of the City of

New York ("vending in a prohibited area").

225.  On or about August 14, 2004, at approximately 9:00 p.m., at West 43rd

Street and Broadway, in the County, City and State of New York, Defendant Police Officer

Alistair Bascom maliciously and falsely arrested Plaintiff Liming Yu and issued Plaintiff Liming

Yu a summons (i.e., Summons Number 422336177-6), without probable cause, and charged

Plaintiff Liming Yu with a violation of Section 20-465(6) of the Administrative Code of the City

of New York.

226.  On or about August 14, 2004, Defendant Police Officer Alistair Bascom

caused to be docketed in the Criminal Court of the City of New York, County of New York, a

complaint (Docket No. 2004SC011963), charging Plaintiff Liming Yu with a violation of Section 20-465(6) of the Administrative Code of the City of New York. Said case was dismissed in its entirety in the Criminal Court of the City of New York, New York County, on or about September 14, 2004.

227. As a result of his August 14, 2004 arrest and the resultant Criminal Court case, Plaintiff Liming Yu appeared in the Criminal Court of the City of New York, New York County, on September 14, 2004.

228. Defendants City of New York and Alistair Bascom committed the above actions and engaged in the conduct described above with regard to Plaintiff Liming Yu's August 14, 2004 arrest for the common purpose of implementing the false and illegal arrest of Plaintiff Liming Yu in violation of his constitutional and civil rights.

229. On or about September 14, 2004, all charges against Plaintiff Liming Yu with regard to his August 14, 2004 arrest were dismissed in the Criminal Court of the City of New York, New York County.

230. The charges against Plaintiff Liming Yu with regard to his August 14, 2004 arrest were wholly resolved in his favor.

231. With regard to Plaintiff Liming Yu's August 14, 2004 arrest, Defendants City of New York and Police Officer Alistair Bascom were without probable cause or justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff Liming Yu. Said Defendants are responsible for their acts and for the arrest, charging and prosecution caused by them.

232. Defendant City of New York engages in a policy, practice, pattern and/or

48

custom of arresting artists in facts and circumstances similar to those alleged with regard to

Plaintiff Liming Yu's August 14, 2004 arrest.

233.  Defendant City of New York engages in a policy, practice, pattern and/or

custom of arresting artists, particularly artists of Asian descent, in facts and circumstances

similar to those alleged with regard to Plaintiff Liming Yu's August 14, 2004 arrest.

234.  As a direct and proximate consequence of the matters alleged with regard to

Plaintiff Liming Yu's August 14, 2004 arrest, Plaintiff Liming Yu suffered emotional trauma,

fear, anguish, humiliation, embarrassment and insult, and loss of income.

**December 21, 2004 Incident (Liming Yu)**

235.  On or about December 21, 2004, at approximately 9:00 p.m., in front of 626

Fifth Avenue, in the County, City and State of New York, PLAINTIFF LIMING YU, a visual

artist, was at said location for the lawful purpose of drawing portraits of passers-by to sell to

them.

236.  On or about December 21, 2004, at approximately 9:00 p.m., in front of 626

Fifth Avenue, in the County, City and State of New York, DEFENDANT POLICE OFFICER

FRANK TROVATO (Tax Registry # 896058) improperly and wrongly accused Plaintiff Liming

Yu of vending in a "bus stop" in violation of Section 20-465E of the Administrative Code of the

City of New York.

237.  On or about December 21, 2004, at approximately 9:00 p.m., in front of 626

Fifth Avenue, in the County, City and State of New York, Defendant Police Officer Trovato

maliciously and falsely arrested Plaintiff Liming Yu and issued Plaintiff Liming Yu a summons

(i.e., Summons Number E 134 375 277), without probable cause, and charged Plaintiff Liming

Yu with vending in a "bus stop" in violation of Section 20-465E of the Administrative Code of the City of New York.

238.  During the course of Plaintiff Liming Yu's December 21, 2004 arrest, Plaintiff Liming Yu asked Defendant Police Officer Trovato for his name and badge number, and Defendant Trovato retaliated by issuing Defendant Liming Yu a second summons (i.e., Summons Number E 134 375 286), without probable cause, which summons maliciously and falsely charged Plaintiff Liming Yu with vending "not at curb" in violation of Section 20-465A of the Administrative Code of the City of New York..

239.  During the course of Plaintiff Liming Yu's December 21, 2004 arrest, Defendant Police Officer Trovato spoke to Plaintiff Liming Yu in an abusive manner, saying to Plaintiff Liming Yu:  "You motherfucker."

240. Around the same time that Defendant Police Officer Travoto was issuing summonses to Plaintiff Liming Yu, Defendant Police Officer Travoto allowed food and other vendors to stay and continue to sell at the subject location.

241.  On or about December 21, 2004, Defendant Police Officer Trovato caused to be docketed in the Environmental Control Board of the City of New York, County of New York, two complaints, under Summons Numbers E 134 375 277 and E 134 375 286, charging Plaintiff Liming Yu with vending in a "bus stop" in violation of Section 20-465E of the Administrative Code of the City of New York and with vending "not at curb" in violation of Section 20-465A of the Administrative Code of the City of New York, respectively.  Said cases were dismissed in their entireties in the Environmental Control Board of the City of New York, New York County, on or about March 28, 2005, after hearings held on January 4, 2005.

50

242. As a result of his December 21, 2004 arrest and the resultant Environmental Control Board cases, Plaintiff Liming Yu appeared in the Environmental Control Board of the City of New York, New York County, on January 4, 2005.

243. Defendants City of New York and Police Officer Trovato committed the above actions and engaged in the conduct described above with regard to Plaintiff Liming Yu's December 21, 2004 arrest for the common purpose of implementing the false and illegal arrest of Plaintiff Liming Yu in violation of his constitutional and civil rights.

244. On or about March 28, 2005, all charges against Plaintiff Liming Yu with regard to his December 21, 2004 arrest were dismissed in the Environmental Control Board of the City of New York, New York County.

245. The charges against Plaintiff Liming Yu with regard to his December 21, 2004 arrest were wholly resolved in his favor.

246. With regard to Plaintiff Liming Yu's December 21, 2004 arrest, Defendants City of New York and Police Officer Trovato were without probable cause or justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff Liming Yu. Said Defendants are responsible for their acts and for the arrest, charging and prosecution caused by them.

247. Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists in facts and circumstances similar to those alleged with regard to Plaintiff Liming Yu's December 21, 2004 arrest.

248. Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists, particularly artists of Asian descent, in facts and circumstances

similar to those alleged with regard to Plaintiff Liming Yu's December 21, 2004 arrest.

249.  As a direct and proximate consequence of the matters alleged with regard to Plaintiff Liming Yu's December 21, 2004 arrest, Plaintiff Liming Yu suffered emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**August 3, 2005 Incident (Jing Ren Chen, Jian Fa Fang, and Liming Yu)**

250.  On or about August 3, 2005, at approximately 11:00 p.m., at West 46th Street between Broadway and 8th Avenue, in the County, City and State of New York, PLAINTIFFS JING REN CHEN, JIAN FA FANG, and LIMING YU (i.e., Plaintiffs in related cases 2005 CIV. 4679 (CBM) (Chen) and 2005 CIV. 5943 (CBM) (Fang and Yu)), all visual artists, were each at said location for the lawful purpose of independently displaying his own original portraits and/or artwork and drawing portraits of passers-by and/or other artwork to sell to them.

251.  On or about August 3, 2005, at approximately 11:00 p.m., at West 46th Street between Broadway and 8th Avenue, in the County, City and State of New York, DEFENDANT POLICE OFFICER EDWARD SKRZYPEK (Shield # 6333) improperly and wrongly told Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu to move, and picked up and tossed to the ground, towards a tree, various art materials and/or implements belonging to said Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu.  During the course of the August 3, 2005 incident, Defendant Police Officer Skrzypek made "funny faces" and laughed at said Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu, and asked Plaintiff Fang if he was a man or a woman.  During the course of the August 3, 2005 incident, Defendant Police Officer Skrzypek used his hand and arm to push Plaintiffs Jing Ren Chen and Liming Yu, and Defendant Police

Officer Skrzypek used his hip and side to bump and push Plaintiff Jian Fa Fang.  During the course of the August 3, 2005 incident, Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu observed Defendant Police Officer Skrzypek chasing away, harassing and interfering with other Asian artists besides themselves.  During the course of the August 3, 2005 incident, Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu observed that Defendant Police Officer Skrzypek did not harass or otherwise interfere with general merchandise and/or food vendors.  As a result of Defendant Police Officer Skrzypek's malicious and improper interference and harassment on August 3, 2005, Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu suffered humiliation and economic injuries.

252.  During the course of the August 3, 2005 incident, Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu did not do anything improper or illegal, and Defendant Police Officer Skrzypek did not arrest Plaintiffs Jing Ren Chen, Jian Fa Fang, and/or Liming Yu or issue any summonses to Plaintiffs Jing Ren Chen, Jian Fa Fang, and/or Liming Yu.

253.  Defendants City of New York and Police Officer Skrzypek committed the above actions and engaged in the conduct described above with regard to the August 3, 2005 incident regarding Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu for the common purpose of violating Plaintiffs Jing Ren Chen, Jian Fa Fang, and/or Liming Yu's constitutional and civil rights.

254.  With regard to the August 3, 2005 incident regarding Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu, Defendants City of New York and Police Officer Skrzypek were without justification.  Said Defendants are responsible for their acts and for the results flowing from their acts and caused by them.

255.  Defendant City of New York engages in a policy, practice, pattern and/or custom of interfering with, harassing, and/or arresting artists in facts and circumstances similar to those alleged with respect to the August 3, 2005 incident regarding Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu.

256.  Defendant City of New York engages in a policy, practice, pattern and/or custom of interfering with, harassing, and/or arresting artists, particularly artists of Asian descent, in facts and circumstances similar to those alleged with respect to the August 3, 2005 incident regarding Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu.

257.  As a direct and proximate consequence of the matters alleged with respect to the August 3, 2005 incident regarding Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu, Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu suffered emotional trauma, fear, anguish, humiliation, embarrassment and insult, property damage, and loss of income.

**August 5, 2005 Incident (Jing Ren Chen, Jian Fa Fang, and Liming Yu)**

258.  On or about August 5, 2005, at approximately 9:15 p.m., at West 46th Street between Broadway and 8th Avenue, in the County, City and State of New York, PLAINTIFFS JING REN CHEN, JIAN FA FANG, and LIMING YU (i.e., Plaintiffs in related cases 2005 CIV. 4679 (CBM) (Chen) and 2005 CIV. 5943 (CBM) (Fang and Yu)), all visual artists, were each at said location for the lawful purpose of independently displaying his own original portraits and/or artwork and drawing portraits of passers-by and/or other artwork to sell to them.

259.  On or about August 5, 2005, at approximately 9:15 p.m., at West 46th Street between Broadway and 8th Avenue, in the County, City and State of New York, DEFENDANT POLICE OFFICER EDWARD SKRZYPEK (Shield # 6333), in concert with DEFENDANT

SERGEANT ANDREW LOPEZ (Shield # 123), improperly and wrongly told Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu to move, and Defendant Police Officer Edward Skrzypek picked up and tossed to the ground, towards a tree, various art materials and/or implements belonging to said Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu.  During the course of the August 5, 2005 incident, Defendant Sergeant Lopez taunted Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu, and asked Plaintiff Fang in a demeaning manner how many times he had been arrested.  During the course of the August 5, 2005 incident, Defendant Police Officer Skrzypek used his hand and arm to push Plaintiffs Jing Ren Chen and Liming Yu, and Defendant Police Officer Skrzypek used his hip and side to bump and push Plaintiff Jian Fa Fang.  During the course of the August 5, 2005 incident, Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu observed Defendant Police Officer Skrzypek, in concert with Sergeant Andrew Lopez, chasing away, harassing and interfering with other Asian artists besides themselves.  During the course of the August 5, 2005 incident, Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu observed that neither Defendant Police Officer Skrzypek nor Sergeant Andrew Lopez harassed or otherwise interfered with general merchandise and/or food vendors.  As a result of Defendant Police Officer Skrzypek's and Defendant Sergeant Andrew Lopez' malicious and improper interference and harassment on August 5, 2005, Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu suffered humiliation and economic injuries.

260.  During the course of the August 5, 2005 incident, Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu did not do anything improper or illegal, and neither Defendant Police Officer Skrzypek nor Defendant Sergeant Lopez arrested Plaintiffs Jing Ren Chen, Jian Fa Fang, and/or Liming Yu or issued any summonses to Plaintiffs Jing Ren Chen, Jian Fa Fang,

and/or Liming Yu.

261.  Defendants City of New York, Police Officer Skrzypek, and Sergeant Andrew Lopez committed the above actions and engaged in the conduct described above with regard to the August 5, 2005 incident regarding Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu for the common purpose of violating Plaintiffs Jing Ren Chen, Jian Fa Fang, and/or Liming Yu's constitutional and civil rights.

262.  With regard to the August 5, 2005 incident regarding Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu, Defendants City of New York, Police Officer Skrzypek, and Sergeant Andrew Lopez were without justification.  Said Defendants are responsible for their acts and for the results flowing from their acts and caused by them.

263.  Defendant City of New York engages in a policy, practice, pattern and/or custom of interfering with, harassing, and/or arresting artists in facts and circumstances similar to those alleged with respect to the August 5, 2005 incident regarding Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu.

264.  Defendant City of New York engages in a policy, practice, pattern and/or custom of interfering with, harassing, and/or arresting artists, particularly artists of Asian descent, in facts and circumstances similar to those alleged with respect to the August 5, 2005 incident regarding Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu.

265.  As a direct and proximate consequence of the matters alleged with respect to the August 5, 2005 incident regarding Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu, Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu suffered emotional trauma, fear, anguish, humiliation, embarrassment and insult, property damage, and loss of income.

**August 25, 2005 Incident (Jing Ren Chen, Jian Fa Fang, and Liming Yu)**

266.  On or about August 25, 2005, at approximately 10:30 p.m., at West 46th

Street between Broadway and 8th Avenue, in the County, City and State of New York,

PLAINTIFFS JING REN CHEN, JIAN FA FANG, and LIMING YU (i.e., Plaintiffs in related

cases 2005 CIV. 4679 (CBM) (Chen) and 2005 CIV. 5943 (CBM) (Fang and Yu)), all visual

artists, were each at said location for the lawful purpose of independently displaying his own

original portraits and/or artwork and drawing portraits of passers-by and/or other artwork to sell

to them.

267.  On or about August 25, 2005, at approximately 10:30 p.m., at West 46th

Street between Broadway and 8th Avenue, in the County, City and State of New York,

DEFENDANT POLICE OFFICER EDWARD SKRZYPEK (Shield # 6333) improperly and

wrongly told Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu to move, and picked up and

tossed to the ground, towards a tree, various art materials and/or implements belonging to said

Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu.  During the course of the August 25,

2005 incident, Defendant Police Officer Skrzypek used his hand and arm to push Plaintiffs Jing

Ren Chen and Liming Yu, and Defendant Police Officer Skrzypek used his hip and side to bump

and push Plaintiff Jian Fa Fang.  During the course of the August 25, 2005 incident, Plaintiffs

Jing Ren Chen, Jian Fa Fang, and Liming Yu observed Defendant Police Officer Skrzypek

chasing away, harassing and interfering with other Asian artists besides themselves.  During the

course of the August 25, 2005 incident, Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu

observed that Defendant Police Officer Skrzypek did not harass or otherwise interfere with

general merchandise and/or food vendors.  As a result of Defendant Police Officer Skrzypek's

malicious and improper interference and harassment on August 25, 2005, Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu suffered humiliation and economic injuries.

268.   During the course of the August 25, 2005 incident, Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu did not do anything improper or illegal, and Defendant Police Officer Skrzypek did not arrest Plaintiffs Jing Ren Chen, Jian Fa Fang, and/or Liming Yu or issue any summonses to Plaintiffs Jing Ren Chen, Jian Fa Fang, and/or Liming Yu.

269.   Defendants City of New York and Police Officer Skrzypek committed the above actions and engaged in the conduct described above with regard to the August 25, 2005 incident regarding Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu for the common purpose of violating Plaintiffs Jing Ren Chen, Jian Fa Fang, and/or Liming Yu's constitutional and civil rights.

270.   With regard to the August 25, 2005 incident regarding Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu, Defendants City of New York and Police Officer Skrzypek were without justification.  Said Defendants are responsible for their acts and for the results flowing from their acts and caused by them.

271.   Defendant City of New York engages in a policy, practice, pattern and/or custom of interfering with, harassing, and/or arresting artists in facts and circumstances similar to those alleged with respect to the August 25, 2005 incident regarding Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu.

272.   Defendant City of New York engages in a policy, practice, pattern and/or custom of interfering with, harassing, and/or arresting artists, particularly artists of Asian descent, in facts and circumstances similar to those alleged with respect to the August 25, 2005

incident regarding Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu.

273.  As a direct and proximate consequence of the matters alleged with respect to the August 25, 2005 incident regarding Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu, Plaintiffs Jing Ren Chen, Jian Fa Fang, and Liming Yu suffered emotional trauma, fear, anguish, humiliation, embarrassment and insult, property damage, and loss of income.

### ALL PLAINTIFFS

274.  All Defendants have singled out artists and committed the above actions and engaged in the conduct described above with regard to all of Plaintiffs' arrests and incidents, described in all preceding paragraphs, as well as other arrests and incidents, while simultaneously allowing food vendors, general merchandise vendors and others to vend on the public streets and other public areas of the City of New York, for the common purpose of discouraging and chilling Plaintiffs and other artists from drawing portraits of passers-by and otherwise engaging in their art in the public streets and other public areas of the City of New York in violation of Plaintiffs' and said other artists' constitutional and civil rights.

275.  All Defendants have singled out artists, particularly artists of Asian descent, and committed the above actions and engaged in the conduct described above with regard to all of Plaintiffs' arrests and incidents, described in all preceding paragraphs, as well as other arrests and incidents, while simultaneously allowing food vendors, general merchandise vendors and others to vend on the public streets and other public areas of the City of New York, for the common purpose of discouraging and chilling Plaintiffs and other artists, particularly artists of Asian descent, from drawing portraits of passers-by and otherwise engaging in their art in the public streets and other public areas of the City of New York in violation of Plaintiffs' and said

other artists' constitutional and civil rights.

276.  All Defendants committed the above actions and engaged in the conduct described above with regard to all of Plaintiffs' arrests and incidents, described in all preceding paragraphs, as well as other arrests and incidents, for the common purpose of discouraging and chilling Plaintiffs and other artists from drawing portraits of passers-by and otherwise engaging in their art in the public streets and other public areas of the City of New York in violation of Plaintiffs' and said other artists' constitutional and civil rights.

277.  All Defendants committed the above actions and engaged in the conduct described above with regard to all of Plaintiffs' arrests and incidents, described in all preceding paragraphs, as well as other arrests and incidents, for the common purpose of discouraging and chilling Plaintiffs and other artists, particularly artists of Asian descent, from drawing portraits of passers-by and otherwise engaging in their art in the public streets and other public areas of the City of New York in violation of Plaintiffs' and said other artists' constitutional and civil rights.

## **COUNT I**

(VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS, ILLEGAL

SEIZURE/FALSE ARREST, EXCESSIVE FORCE, MALICIOUS PROSECUTION)

278.  Plaintiffs restate and realleges paragraphs 1 - 277 in haec verba.

279.  By the conduct alleged herein, the Defendants deprived Plaintiffs of their rights to be free from unlawful and excessive force and assault, unlawful seizure, arrest, search, detention, harassment and interference, imprisonment, and malicious prosecution as secured by the Fourth and Fourteenth Amendments to the United States Constitution.

280.  By the conduct alleged herein, the Defendants deprived Plaintiffs of their

rights to freedom of expression as secured by the First Amendment to the United States Constitution.  Further, the laws under which Plaintiffs were arrested and prosecuted are vague and overbroad and thus unconstitutional and/or are unconstitutional as applied.

281.  The conduct of Defendants, and each of them, deprived Plaintiffs of the following rights, privileges and immunities secured to them by the Constitution of the United States:  The right of Plaintiffs to be secure in their persons and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States, the right of Plaintiffs to freedom of expression under the First Amendment to the Constitution of the United States, and the rights of Plaintiffs to equal protection and due process under the Fourteenth Amendment of the Constitution of the United States.

282.  Said acts or omissions, as alleged herein, were done by the Defendants willfully, recklessly and oppressively without legal justification and for the purpose of depriving Plaintiffs of their constitutional rights under the law.

283.  The conduct of all named Defendants as described in paragraphs 1 - 282, supra, constituted violations of Plaintiffs' civil and constitutional rights, illegal seizures and false arrests, malicious prosecutions, illegal deprivations of their rights to free expression, and the illegal use of excessive force against Plaintiffs.

284.  The acts, conduct and behavior of Defendants, and each of them, were performed knowingly, intentionally, and maliciously, and without reasonable excuse, by reason of which Plaintiffs are entitled to an award of punitive damages.

WHEREFORE, each Plaintiff prays this Court:

a.    Enter judgment for each Plaintiff as and for compensatory

damages in excess of $100,000.00.

b.      Enter judgment for each Plaintiff as and for punitive damages in excess of $100,000.00.

c.      Grant equitable relief enjoining Defendants from arresting and/or issuing summonses to Plaintiffs and/or other street artists who display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places.

d.      Grant equitable relief enjoining Defendants from preventing and/or trying to prevent Plaintiffs and/or other street artists from displaying their artwork in public places, creating artwork in public places, and/or selling their artwork in public places.

e.      Grant equitable relief enjoining Defendants from interfering with and/or trying to interfere with Plaintiffs and/or other street artists when they display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places.

f.      Enter judgment for attorneys fees and costs of this action.

g.      Each Plaintiff demands trial by jury of all issues herein.

h.      Grant such other relief that law and justice requires.

## **COUNT II**

(CIVIL RIGHTS - POLICY, PRACTICE AND/OR CUSTOM)

285.  Plaintiffs restate and reallege paragraphs 1 - 284 in haec verba.

286.  Each of the arrests and incidents of harassment and interference of Plaintiffs

were illegal and without authority of law.

287.  The conduct of all named Defendants as described in paragraphs 1 - 286, supra, were pursuant to a policy, practice, pattern, and/or custom of Defendant City of New York to illegally and unconstitutionally arrest and prosecute artists, and particularly artists of Asian descent, who lawfully distribute their work on the sidewalks of New York, in violation of said artists' rights under the First and Fourteenth Amendments of the United States Constitution.  Said policy, practice, pattern, and custom is reflected not only in the herein Plaintiffs multiple within arrests but in their prior illegal arrests and in the arrests of other artists as well as in Defendants' conduct, inter alia, which is the subject of the matter of Bery v. City of New York, 97 F.3d 689 (2d Cir. 1996), cert. denied, 520 U.S. 1251 (1997), [see, infra, Count III, paragraphs 288 - 291].

WHEREFORE, each Plaintiff prays this Court:

a.      Enter judgment for each Plaintiff as and for compensatory damages in excess of $100,000.00.

b.      Grant equitable relief enjoining Defendants from arresting and/or issuing summonses to Plaintiffs and/or other street artists who display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places.

c.      Grant equitable relief enjoining Defendants from preventing and/or trying to prevent Plaintiffs and/or other street artists from displaying their artwork in public places, creating artwork in public places, and/or selling their artwork in public places.

d.      Grant equitable relief enjoining Defendants from interfering with

and/or trying to interfere with Plaintiffs and/or other street artists

when they display their artwork in public places, create their

artwork in public places, and/or sell their artwork in public places.

e.    Enter judgment for attorneys fees and costs of this action.

f.    Each Plaintiff demands trial by jury of all issues herein.

g.    Grant such other relief that law and justice requires.

## COUNT III

(CONTEMPT OF COURT)

288.  Plaintiffs restate and reallege paragraphs 1 - 287 in haec verba.

289.  Each of the incidents, arrests and prosecutions of Plaintiffs were illegal and

without authority of law.

290.  The conduct of all named Defendants as described in paragraphs 1 - 289,

supra, constituted willful and deliberate violations of the permanent injunction issued against

Defendant City of New York by the Second Circuit Court of Appeals in the matter Bery v. City

of New York, 97 F.3d 689 (2d Cir. 1996), cert. denied, 520 U.S. 1251 (1997), prohibiting

Defendant City of New York from arresting and/or prosecuting artists who distributed their work

on the sidewalks of New York City, in violation of said artists' rights under the First and

Fourteenth Amendments of the United States Constitution.

291.  The acts, conduct and behavior of Defendants, and each of them, in

disobeying the mandate of the Second Circuit Court of Appeals, were performed knowingly,

intentionally, and maliciously, and without reasonable excuse, by reason of which Plaintiffs are

entitled to an award of punitive damages and sanctions.

64

WHEREFORE, each Plaintiff prays this Court:

a.      Enter judgment for each Plaintiff as and for compensatory damages in excess of $100,000.00.

b.      Enter judgment for each Plaintiff as and for punitive damages and sanctions in excess of $100,000.00.

c.      Grant equitable relief enjoining Defendants from arresting and/or issuing summonses to Plaintiffs and/or other street artists who display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places.

d.      Grant equitable relief enjoining Defendants from preventing and/or trying to prevent Plaintiffs and/or other street artists from displaying their artwork in public places, creating artwork in public places, and/or selling their artwork in public places.

e.      Grant equitable relief enjoining Defendants from interfering with and/or trying to interfere with Plaintiffs and/or other street artists when they display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places.

f.      Enter judgment for attorneys fees and costs of this action.

g.      Each Plaintiff demands trial by jury of all issues herein.

h.      Grant such other relief that law and justice requires.

## **COUNT IV**

(MALICIOUS PROSECUTION/FALSE ARREST -

SUPPLEMENTAL CLAIM)

292.  Plaintiffs restate and reallege paragraphs 1 - 291 in haec verba.

293.  This action has been commenced within one year and 90 days after the causes of action of Plaintiffs accrued.

294.  Each of the incidents regarding and arrests of Plaintiffs were illegal and without authority of law.

295.  The conduct of all named Defendants as described in paragraphs 1 - 294, supra, constituted malicious prosecutions and false arrests of Plaintiffs.

296.  The amount of damages sought in each of these actions exceeds the jurisdictional limits of all lower New York State Courts which would otherwise have jurisdiction if this action had been brought in State Court.

WHEREFORE, each Plaintiff prays this Court:

a.    Enter judgment for each Plaintiff as and for compensatory damages in excess of $100,000.00.

b.    Enter judgment for each Plaintiff as and for punitive damages in excess of $100,000.00.

c.    Grant equitable relief enjoining Defendants from arresting and/or issuing summonses to Plaintiffs and/or other street artists who display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places.

d.    Grant equitable relief enjoining Defendants from preventing and/or trying to prevent Plaintiffs and/or other street artists from

displaying their artwork in public places, creating artwork in

public places, and/or selling their artwork in public places.

e.    Grant equitable relief enjoining Defendants from interfering with

and/or trying to interfere with Plaintiffs and/or other street artists

when they display their artwork in public places, create their

artwork in public places, and/or sell their artwork in public places.

f.    Enter judgment for attorneys fees and costs of this action.

g.    Each Plaintiff demands trial by jury of all issues herein.

h.    Grant such other relief that law and justice requires.

## **COUNT V**

(VIOLATION OF NEW YORK STATE CONSTITUTION -

SUPPLEMENTAL CLAIM)

297.  Plaintiffs restate and reallege paragraphs 1 - 296 in haec verba.

298.  This action has been commenced within one year and 90 days after the

causes of action of Plaintiffs accrued.

299.  Each of the arrests of Plaintiffs were illegal and without authority of law.

300.  The conduct of all named Defendants as described in paragraphs 1 - 299,

supra, constituted violations of New York State constitutional law in that Defendants

intentionally and deliberately interfered with Plaintiffs' rights under Article 1 Section 8 of the

Constitution of the State of New York guaranteeing freedom of speech and expression;

Plaintiffs' rights under Article 1 Section 11 of the Constitution of the State of New York

guaranteeing equal protection under the law; and Plaintiffs' rights under Article 1 Section 12 of

the Constitution of the State of New York guaranteeing the right to be secure in their persons and property against unreasonable searches and seizures.

      301.  The amount of damages sought exceeds the jurisdictional limits of all lower New York State Courts which would otherwise have jurisdiction if this action had been brought in State Court.

      WHEREFORE, each Plaintiff prays this Court:

a.      Enter judgment for each Plaintiff as and for compensatory damages in excess of $100,000.00.

b.      Enter judgment for each Plaintiff as and for punitive damages in excess of $100,000.00.

c.      Grant equitable relief enjoining Defendants from arresting and/or issuing summonses to Plaintiffs and/or other street artists who display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places.

d.      Grant equitable relief enjoining Defendants from preventing and/or trying to prevent Plaintiffs and/or other street artists from displaying their artwork in public places, creating artwork in public places, and/or selling their artwork in public places.

e.      Grant equitable relief enjoining Defendants from interfering with and/or trying to interfere with Plaintiffs and/or other street artists when they display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places.

68

f.      Enter judgment for attorneys fees and costs of this action.

g.      Each Plaintiff demands trial by jury of all issues herein.

h.      Grant such other relief that law and justice requires.

### COUNT VI

(CONVERSION -

SUPPLEMENTAL CLAIM)

302.  Plaintiffs restate and reallege paragraphs 1 - 301 <u>in haec verba</u>.

303.  This action has been commenced within one year and 90 days after the causes of action of Plaintiffs accrued.

304.  Each of the incidents regarding and arrests of Plaintiffs were illegal and without authority of law.

305.  The conduct of all named Defendants as described in paragraphs 1 - 304, <u>supra</u>, constituted conversions in that Defendants intentionally, deliberately and without legal justification took Plaintiffs' property from Plaintiffs and/or caused others to take Plaintiffs' property and/or damaged and/or failed to return Plaintiffs' property to Plaintiffs, all in violation of the laws of the State of New York.

306.  The amount of damages sought exceeds the jurisdictional limits of all lower New York State Courts which would otherwise have jurisdiction if this action had been brought in State Court.

WHEREFORE, each Plaintiff prays this Court:

a.      Enter judgment for each Plaintiff as and for compensatory damages in excess of $100,000.00.

69

b.      Enter judgment for each Plaintiff as and for punitive damages in excess of $100,000.00.

c.      Grant equitable relief enjoining Defendants from arresting and/or issuing summonses to Plaintiffs and/or other street artists who display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places.

d.      Grant equitable relief enjoining Defendants from preventing and/or trying to prevent Plaintiffs and/or other street artists from displaying their artwork in public places, creating artwork in public places, and/or selling their artwork in public places.

e.      Grant equitable relief enjoining Defendants from interfering with and/or trying to interfere with Plaintiffs and/or other street artists when they display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places.

f.      Enter judgment for attorneys fees and costs of this action.

g.      Each Plaintiff demands trial by jury of all issues herein.

h.      Grant such other relief that law and justice requires.

## **COUNT VII**

### (ASSAULT-

### SUPPLEMENTAL CLAIM)

307.  Plaintiffs restate and reallege paragraphs 1 - 306 <u>in haec verba</u>.

308.  This action has been commenced within one year and 90 days after the

causes of action of Plaintiffs accrued.

309.  Upon information and belief, at all times relevant hereto, the Defendant City of New York and the New York City Police Department employed the police officers and others material hereto.

310.  The conduct of Defendants as described in paragraphs 1 - 309, supra, constituted assaults of Plaintiffs.

311.  Each of the assaults of Plaintiffs were illegal and without authority of law.

312.  The amount of damages sought exceeds the jurisdictional limits of all lower New York State Courts which would otherwise have jurisdiction if this action had been brought in State Court.

WHEREFORE, each Plaintiff prays this Court:

a.    Enter judgment for each Plaintiff as and for compensatory damages in excess of $100,000.00.

b.    Enter judgment for each Plaintiff as and for punitive damages in excess of $100,000.00.

c.    Grant equitable relief enjoining Defendants from arresting and/or issuing summonses to Plaintiffs and/or other street artists who display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places.

d.    Grant equitable relief enjoining Defendants from preventing and/or trying to prevent Plaintiffs and/or other street artists from displaying their artwork in public places, creating artwork in

71

public places, and/or selling their artwork in public places.

e.    Grant equitable relief enjoining Defendants from interfering with and/or trying to interfere with Plaintiffs and/or other street artists when they display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places.

f.    Enter judgment for attorneys fees and costs of this action.

g.    Each Plaintiff demands trial by jury of all issues herein.

h.    Grant such other relief that law and justice requires.

## COUNT VIII

### (INTERFERENCE WITH BUSINESS AND CONTRACTUAL RELATIONS - SUPPLEMENTAL CLAIM)

313.  Plaintiffs restate and reallege paragraphs 1 - 312 in haec verba.

314.  This action has been commenced within one year and 90 days after the causes of action of Plaintiffs accrued.

315.  Each of the incidents regarding and arrests of Plaintiffs were illegal and without authority of law.

316.  The conduct of all named Defendants as described in paragraphs 1 - 315, supra, constituted interferences with business and contractual relations in that Defendants intentionally, deliberately and without legal justification interfered with Plaintiffs' business and contractual relations with third parties and/or caused others to interfere with Plaintiffs' business and contractual relations with third parties, all in violation of the laws of the State of New York.

317.  The amount of damages sought exceeds the jurisdictional limits of all lower

New York State Courts which would otherwise have jurisdiction if this action had been brought in State Court.

WHEREFORE, each Plaintiff prays this Court:

a.      Enter judgment for each Plaintiff as and for compensatory damages in excess of $100,000.00.

b.      Enter judgment for each Plaintiff as and for punitive damages in excess of $100,000.00.

c.      Grant equitable relief enjoining Defendants from arresting and/or issuing summonses to Plaintiffs and/or other street artists who display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places.

d.      Grant equitable relief enjoining Defendants from preventing and/or trying to prevent Plaintiffs and/or other street artists from displaying their artwork in public places, creating artwork in public places, and/or selling their artwork in public places.

e.      Grant equitable relief enjoining Defendants from interfering with and/or trying to interfere with Plaintiffs and/or other street artists when they display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places.

f.      Enter judgment for attorneys fees and costs of this action.

g.      Each Plaintiff demands trial by jury of all issues herein.

h.      Grant such other relief that law and justice requires.

**JURY TRIAL DEMANDED**

S/ Donald E. Cameron
DONALD E. CAMERON (DC 9565)
LAW OFFICES OF DONALD E. CAMERON
Attorney for Plaintiffs
139 Fulton Street, Suite 211
New York, New York 10038
(212) 233-3348

Dated: New York, New York
       August 30, 2005

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true copy of the foregoing Amended Complaint, dated August 30, 2005, was served personally this ____ day of _____ 2005, on the following counsel, at the location noted below:

MICHAEL A. CARDOZO
Corporation Counsel
of the City of New York
100 Church Street
New York, New York 10007


S/ Judith E. Stein_____
JUDITH E. STEIN, Esq. (JS 4531)
LAW OFFICES OF DONALD E. CAMERON
DONALD E. CAMERON (DC 9565)
Attorney for Plaintiffs
139 Fulton Street, Suite 211
New York, New York 10038
(212) 233-3348

2005 CIV. 5943 (CBM)
**ECF CASE**
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

XIANGDONG ZHENG (aka Xiang Dong Zheng),TAO SHEN (aka Tom Chang),
QUANLI QI (aka Quan Li Qi), JIAN FA FANG, and LIMING YU,

Plaintiffs,

-against-

THE CITY OF NEW YORK, POLICE OFFICER SUKHJIWAN SINGH (Tax
Registry # 929178), POLICE OFFICER RONALD PERILLO (Tax Registry #
927346), POLICE OFFICER JAVAN FASULO (Tax Registry # 914633),
POLICE OFFICER DANIEL DOODY (Tax Registry # 906140), POLICE
OFFICER RUDOLPH GUARNACCIA (Tax Registry # 917724; Shield # 8793),
POLICE OFFICER MICHAEL GUARRIELLO (Shield # 22940), SERGEANT
CRAIG McCRAY (Shield # 4811), POLICE OFFICER EDWIN SANTIAGO
(Shield # 12719), SERGEANT CHRISTOPHER GAHN (Shield # 3842),
POLICE OFFICER ROBERT ROMAN (Tax Registry # 934129), POLICE
OFFICER ALISTAIR BASCOM (Tax Registry # 932301), POLICE OFFICER
NEAL LECLERC (Shield # 02961), DETECTIVE JAMES BLAKE (Shield #
05884), POLICE OFFICER BRENDAN MEEHAN (Tax Registry # 933012;
Shield # 30563), POLICE OFFICER YVETTE MATTHEWS (Shield # 7929),
POLICE OFFICER MATTHEW TEAGUE (Shield # 31662), POLICE OFFICER
THOMAS GRACE (Tax Registry # 933817; Shield # 1436), POLICE OFFICER
THOMAS GARRITY (Shield # 7734), POLICE OFFICER JASON ANDREULA
(Tax Registry # 923510), POLICE OFFICER CHRISTOPHER DONATO (Tax
Registry # 934322), POLICE OFFICER EDWARD SKRZYPEK (Shield # 6333),
SERGEANT ANDREW LOPEZ (Shield # 123), and POLICE OFFICER FRANK
TROVATO (Tax Registry # 896058),

Defendants.

_____

**AMENDED COMPLAINT and DEMAND FOR JURY TRIAL**

_____

DONALD E. CAMERON (DC 9565)
LAW OFFICES OF DONALD E. CAMERON
Attorney for Plaintiffs
139 Fulton Street, Suite 211
New York, New York 10038
(212) 233-3348

Dated: New York, New York
August 30, 2005